559 So.2d 289 (1990)
Gordon J. ROBERTS, Appellant,
v.
STATE of Florida, Appellee.
No. 89-02028.
District Court of Appeal of Florida, Second District.
March 28, 1990.
*290 A.R. Mander, III of Greenfelder, Mander, Hanson & Murphy, Dade City, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Dell H. Edwards, Asst. Atty. Gen., Tampa, for appellee.
LEHAN, Acting Chief Judge.
Defendant challenges his sentence for burglary and possession of burglary tools. We disagree with all of his contentions except one and remand for the purpose indicated below.
The contention with which we agree is that the trial court erred in enhancing the defendant's sentence as an habitual offender without including either in a written order or in statements in the record in open court the findings required by section 775.084, Florida Statutes (Supp. 1988). We remand for the trial court to either make the requisite findings or, if the record does not support such findings, to vacate the habitual offender sentence. See Little v. State, 440 So.2d 603 (Fla. 3d DCA 1983); Brown v. State, 435 So.2d 940 (Fla. 3d DCA 1983).
Defendant also contends that the enhancement of his sentence as an habitual *291 offender pursuant to section 775.084(3)(b), Florida Statutes (Supp. 1988), was invalid due to the failure of the state to serve defendant personally with the requisite notice of enhancement. We do not agree. Defendant's attorney was served with that notice, and there is no question that defendant had knowledge of the notice. While section 775.084(3) does, as defendant argues, state that such notice shall be served "on the defendant and his attorney," that section gives the purpose of that requirement as being "so as to allow the preparation of a submission on behalf of the defendant" in response to the notice. In this case there was such a response prepared and made on behalf of defendant, thus the purpose of the statute was fulfilled. We do not conclude that the legislature intended to permit a defendant to avoid the application of the statute on the technical grounds raised here.
Defendant further contends that section 775.084, Florida Statutes (Supp. 1988), unconstitutionally deprived defendant of rights of due process by not requiring proof beyond a reasonable doubt and trial by jury. Notwithstanding his well-presented argument in this regard, we do not agree that Eutsey v. State, 383 So.2d 219 (Fla. 1980), which is contrary to his argument, should not continue to control.
Defendant next contends that section 775.084(4)(e), Florida Statutes (Supp. 1988), constitutes a violation of the separation of powers doctrine in that the legislature provided in section 775.084(4)(e) that habitual offender sentences are not subject to the sentencing guidelines. The argument is that the guidelines were adopted by rules of the Florida Supreme Court and the legislature may not change those rules without violating the separation of powers doctrine. We do not agree. While it is the exclusive province of the Florida Supreme Court to promulgate rules of judicial procedure, Johnson v. State, 336 So.2d 93, 95 (Fla. 1976), the sentencing guidelines constitute substantive law which is within the province of the legislature. See Smith v. State, 537 So.2d 982 (Fla. 1989).
Defendant last contends that section 775.084(4)(e), unconstitutionally violates the equal protection clause in that that section eliminates the accrual of basic and meritorious gain time and thereby improperly creates two classes of prisoners. We do not agree with defendant's argument that the different treatment of habitual offenders under section 775.084(4)(e) bears no reasonable relationship to the object of the habitual offender legislation which is to provide additional protection to the public from persons from whom additional protection is needed. See Scott v. State, 446 So.2d 261 (Fla. 2d DCA 1984). See also King v. State, 557 So.2d 899 (Fla. 5th DCA 1990). As the state points out, habitual offenders are still entitled to incentive gain time under section 775.084(4)(e).
Affirmed in part and remanded for proceedings consistent herewith.
THREADGILL and PARKER, JJ., concur.