566 So.2d 37 (1990)
Charles Edward ARNOLD, Appellant,
v.
STATE of Florida, Appellee.
No. 89-02994.
District Court of Appeal of Florida, Second District.
August 22, 1990.
*38 James Marion Moorman, Public Defender, Bartow, and Andrea Steffen, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellee.
PATTERSON, Judge.
The appellant challenges his sentence of twenty years' incarceration followed by ten years' probation for the sale of cocaine within 1,000 feet of a school. He argues that his enhanced sentence under the amended habitual offender statute, section 775.084, Florida Statutes (Supp. 1988), violates his rights of equal protection and due process of law under the fourteenth amendment to the United States Constitution and article I, section 2 of the Florida Constitution. We affirm.
The legislature amended the habitual offender statute, effective October 1, 1988, and deleted the requirement that the trial court find it necessary for the protection of the public to impose the enhanced sentence. See § 775.084(3), Fla. Stat. (1987). The appellant claims that the deletion of this requirement violates his right to equal protection of the laws because (1) the habitual offender statute creates a classification that is not rationally related to a legitimate state purpose; (2) no rational basis exists for the state's decisions to seek enhanced punishment in some cases, but not in others; and (3) the statute contains no objective criteria to determine who will be sentenced as a habitual offender and who will be sentenced pursuant to the sentencing guidelines.
The classification of habitual offenders is rationally related to the legitimate state interests of punishing recidivists more severely than first time offenders and protecting the public by incarcerating career criminals. See Eutsey v. State, 383 So.2d 219, 223 (Fla. 1980); Roberts v. State, 559 So.2d 289, 291 (Fla. 2d DCA 1990); King v. State, 557 So.2d 899, 902 (Fla. 5th DCA 1990). The appellant argues that the state has arbitrarily applied the statute, but the record contains no facts to support this allegation. Furthermore, the state need prove only objective criteria for a defendant to be classified as a habitual felony offender: two or more of the requisite felony convictions within the prescribed time frame that have not been pardoned or the subject of post-conviction relief. See § 775.084(1)(a), Fla. Stat. (Supp. 1988). Thus, section 775.084 does not create an arbitrary classification and does not violate the appellant's constitutional right to equal protection of the laws.
The appellant argues next that the amended statute unconstitutionally shifts the burden of proof to the defendant in violation of his right to due process of law. Section 775.084(4)(c), Florida Statutes (Supp. 1988), provides, "If the court decides that imposition of sentence under this section is not necessary for the protection of the public, sentence shall be imposed without regard to this section." The appellant claims that the foregoing language requires a defendant to prove that he is not a danger to society and is in essence a "mandatory presumption" which a defendant must rebut in order to avoid the enhanced sentencing.
First, section 775.084 no longer requires a finding of necessity for the protection of the public. Second, section 775.084 "does not create a new substantive offense." Eutsey, 383 So.2d at 223. The present situation is distinguishable from cases the appellant cites, such as Wilhelm v. State, 544 So.2d 1144 (Fla. 2d DCA 1989), which held that mandatory rebuttable presumptions violate the defendant's due process rights if they relieve the state from proving an element of the offense.
Under the habitual offender statute, a trial judge may find, in his discretion, that a defendant is not a danger to society. The *39 trial judge's power to not impose an enhanced sentence does not shift the burden of proof, but is more analogous to a judge's discretion to depart downward based on valid reasons in cases governed by the sentencing guidelines. Section 775.084, Florida Statutes (Supp. 1988), does not violate the appellant's constitutional right to due process of law.
Accordingly, the appellant's judgment and sentence are affirmed.
SCHEB, A.C.J., and HALL, J., concur.