569 So.2d 925 (1990)
Johnny L. HENDERSON, Appellant,
v.
STATE of Florida, Appellee.
No. 89-2873.
District Court of Appeal of Florida, First District.
November 15, 1990.
*926 Barbara M. Linthicum, Public Defender, and P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Gypsy Bailey, Asst. Atty. Gen., Tallahassee, for appellee.
ZEHMER, Judge.
Johnny L. Henderson appeals convictions for one count of sale of a controlled substance, two counts of possession of a controlled substance with intent to sell or deliver, and one count of delivery of cannabis without consideration.[1] He also complains about the enhanced sentences the court imposed on the three felony convictions upon finding him to be a habitual violent felony offender pursuant to section 775.084, Florida Statutes (Supp. 1988).
The charges underlying these convictions arose from two drug transactions involving Henderson and a confidential informant. On the date of the first transaction, Henderson attempted to sell the informant a full bag of marijuana for $110; the informant, however, bought a smaller amount of marijuana for $10. Several days later, when the informant was again working in an undercover capacity, Henderson gave the informant one of two marijuana cigarettes he had in his possession. Both of these transactions were monitored and recorded by a sheriff department investigator, and Henderson admitted at trial that he performed the alleged acts. The jury found Henderson guilty of all charges. At sentencing, the parties agreed and the court found that Henderson had prior convictions for assault with intent to commit murder, possession of a short-barreled shotgun, and manslaughter. The court declared Henderson to be a habitual violent felony offender and imposed three concurrent 8-year sentences and one concurrent 60-day sentence.
Henderson asserts that the habitual offender statute as amended in 1988 is unconstitutional on various grounds. All but one of Henderson's arguments have been addressed and rejected in prior decisions. Love v. State, 569 So.2d 807 (Fla. 1st DCA 1990); Arnold v. State, 566 So.2d 37 (Fla. 2d DCA 1990); Johnson v. State, 564 So.2d 1174 (Fla. 4th DCA 1990); Roberts v. State, 559 So.2d 289 (Fla. 2d DCA), dismissed, 564 So.2d 488 (Fla. 1990); Long v. State, 558 So.2d 1091 (Fla. 5th DCA 1990); King v. State, 557 So.2d 899 (Fla. 5th DCA), rev. denied, 564 So.2d 1086 (Fla. 1990). See also Barber v. State, 564 So.2d 1169 (Fla. 1st DCA 1990) (upholding constitutionality of the 1987 version of this statute against *927 equal protection and due process challenges). Not addressed in the above cases, however, is Henderson's argument that,
since it appears that the felony before the court need not be a violent one [footnote omitted], a defendant who commits any present nonviolent felony is immediately branded with the scarlet letters "HVFO," just because he had a prior violent felony in his past. Obviously, the Legislature's failure to require that the present felony be violent shows that the statute bears no rational relationship to its purported purpose.
(Initial Brief at pp. 15-16). This excerpt from the initial brief constitutes Henderson's entire argument on this ground. No case law or other authority is cited to support his contention that the statute bears no rational relationship to its purported purpose. No argument based on analogy to similar constitutional due process cases is made. Henderson's argument on this ground is so perfunctory that the state did not even respond to it.
We cannot ignore the obvious, however, and shut our eyes to the manifest fact that the 1988 amendment to section 775.084, ch. 88-131, § 6, Laws of Fla., introduced the new, and somewhat novel, concept that a defendant in Florida may now be sentenced as a habitual violent felony offender for committing a nonviolent felony, i.e., one other than the enumerated violent felony offenses, because he has a prior conviction for a violent felony falling among those listed in the statute. The amended statute differentiates between "violent" and "nonviolent" felony offenders and subjects a defendant being sentenced as a habitual violent felony offender to enhanced sentences substantially greater than those authorized for a mere habitual felony offender. Nor can we ignore our knowledge that the constitutional validity of the Florida habitual offender statute is predicated on the essential notion that the enhanced sentence is imposed for a subsequent offense on the theory that the prior convictions considered in connection with the subsequent offense demonstrate the incorrigible and dangerous character of the accused and establish the necessity for enhanced restraint. In this sense, therefore, the enhanced punishment is incident to the last offense alone, but for which it would not be imposed. E.g. Eutsey v. State, 383 So.2d 219, 223 (Fla. 1980); Reynolds v. Cochran, 138 So.2d 500 (Fla. 1962); Cross v. State, 96 Fla. 768, 119 So. 380 (1928). Although this new feature of the 1988 habitual offender statute implicates constitutional protections against double jeopardy and ex post facto laws in a way not previously discussed by Florida court decisions, see e.g. Reynolds, Cross, no such arguments are advanced by Henderson. Henderson's argument does not undertake to demonstrate how the statute is not rationally related to its purpose of providing additional protection to the public from habitual career criminals. See Arnold v. State, 566 So.2d at 38; Roberts v. State, 559 So.2d at 291. The presumption that a statute is constitutional imposes a heavy burden of proof upon one attacking the validity of a statute. Department of Business Regulation v. Smith, 471 So.2d 138 (Fla. 1st DCA 1985). In view of the perfunctory argument made by appellant and the state's justifiable lack of response, we decline to consider the constitutional validity of this new provision in the statute for the reason that it has not been properly preserved and presented for review on this appeal. Accordingly, we find no reversible error based on Henderson's constitutional arguments.
Henderson next asserts that his convictions for both the sale of a controlled substance and the possession of a controlled substance with the intent to sell or deliver, as well as for both the delivery of cannabis without consideration and the possession of a controlled substance with the intent to sell or deliver, are impermissible under Wheeler v. State, 549 So.2d 687 (Fla. 1st DCA 1989), rev. dism. 560 So.2d 235 (Fla. 1990). In Wheeler, this court determined that a defendant could not be convicted of both sale of a controlled substance and possession with intent to sell or deliver the same controlled substance. We conclude that Wheeler is wholly inapplicable to this case because the record shows *928 that incident to each of the charged transactions Henderson retained possession of cannabis other than the cannabis he sold and delivered without consideration. The record contains evidence supporting separate convictions on each of the offenses charged and we affirm the challenged convictions.
AFFIRMED.
SMITH and NIMMONS, JJ., concur.
NOTES
[1] Sale of cannabis and possession of cannabis with intent to sell or deliver are third degree felonies. §§ 893.13(1)(a)2, 893.03(1)(c), Fla. Stat. (1989). Delivery of not more than 20 grams of cannabis without consideration is a first degree misdemeanor. § 893.13(1)(g), Fla. Stat. (1989).