574 So.2d 1170 (1991)
Calvin WILSON, Appellant,
v.
STATE of Florida, Appellee.
No. 89-2962.
District Court of Appeal of Florida, First District.
February 6, 1991.
Barbara M. Linthicum, Public Defender, Carl S. McGinnes, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., Cynthia Shaw, Asst. Atty. Gen., for appellee.
NIMMONS, Judge.
This court's opinion filed December 11, 1990, is hereby withdrawn. The following opinion is substituted therefor, in view of which appellant's motion for rehearing is denied.
Wilson appeals from judgments and sentences for armed burglary, aggravated assault and armed robbery. We affirm.
The subject offenses were committed in connection with the appellant's breaking into the home of the victims, an elderly man and his invalid wife. The state presented evidence that, during the criminal episode, the appellant stole from the *1171 victims an envelope containing money (paper currency) and placed the envelope in his clothing. According to the testimony of Officer White, after appellant was apprehended a short time and distance from the victims' home and during the booking process at the jail, a wad of money fell out of his shorts. The denominations were 20's (9) and 10's (2), the same amount and denominations taken from Mr. Wright. At trial, the defendant testified that when he was being searched at the jail, the money was removed from his pocket and that he told Officer White that he had earned the money from a job. Appellant denied that he was even present when the alleged offenses were committed.
On rebuttal, the state called Officer White who, among other things, testified on direct that the money found on appellant came from inside his shorts. The state did not inquire of Officer White as to any statements appellant may have made. However, on cross-examination, defense counsel commenced his questioning as follows:
Q. Tell me, Officer White, did you ever ask Mr. Wilson if he had any money on him?
A. Yes, sir, I did.
Q. What did he say?
A. No.
Q. When was that?
A. At the back of my car.
Whereupon counsel claimed surprise, asserted a discovery violation and demanded a Richardson hearing. The prosecuting attorney represented that he had no knowledge of the above statement. The trial court ruled that there had been no discovery violation and denied defense counsel's request for further inquiry under Richardson v. State, 246 So.2d 771 (Fla. 1971). It appears from the record we have before us that Officer White was not asked on deposition what statements, if any, the defendant made.[1]
Appellant asserts that the trial court committed reversible error in failing to conduct a Richardson hearing. Appellant says that the state had not furnished or disclosed to the defense the statement in accordance with a discovery demand therefor.
In the state's written response to the appellant's demand for discovery, the only specific statement referred to was one in which the defendant had said to one of the officers, "They won't recognize me." However, the state's response also encompassed "all statements brought out at depositions" which may be taken in the case. To the prosecutor's claim that he was not aware of the statement, appellant says that the state had an affirmative obligation to ascertain what statements the appellant may have made to the officers and that such inquiry would have readily revealed such statement.
Notwithstanding the apparent discovery violation by reason of the failure of the state to disclose that the defendant made the subject statement, it is critical that the statement was elicited by defense counsel after the fact of such alleged violation having become apparent to counsel. When defense counsel elicited from Officer White the latter's testimony that White had asked defendant if he had any money on him, defense counsel's next question, which asked what the defendant said, effectively waived any right the appellant may have had to complain about not having been informed of such statement. In other words, if counsel were going to object to *1172 the fact that the state had not complied with the discovery rules by disclosing the statement, the time for doing that was prior to asking Officer White to tell the jury what the defendant said. Defense counsel chose to take the chance that the presumably unknown and theretofore previously undisclosed statement was favorable to appellant. Unfortunately for him, he guessed wrong. We therefore affirm on this issue.
Appellant also contends that the trial court reversibly erred in sustaining the state's objection to the following question asked of Mr. Wright, the victim, by defense counsel on cross examination: "Do you, sir, hold any racial prejudice against blacks?" Wright is white and the appellant is black. Before the witness could answer, the state interposed an objection and a side-bar conference ensued. The defense asserted that the question went to bias or prejudice of the witness. The court sustained the objection. Since the defense did not seek to proffer an answer to the question, we do not know whether the witness would have answered in the affirmative or in the negative. Essentially, appellant is asking us to speculate that the witness would have answered in the affirmative. Obviously, we cannot indulge that assumption. Moreover, there is nothing else in the record to suggest any racial bias on the part of the witness.
Appellant was adjudicated and sentenced as an habitual violent felony offender under Section 775.084(1)(b), Florida Statutes (1988 Supp.). He attacks the constitutionality of the statute on due process, equal protection, and separation of powers grounds. We affirm on the authority of Smith v. State, 567 So.2d 55 (Fla. 2d DCA 1990); Arnold v. State, 566 So.2d 37 (Fla. 2d DCA 1990); Roberts v. State, 559 So.2d 289 (Fla. 2d DCA), dismissed, 564 So.2d 488 (Fla. 1990); King v. State, 557 So.2d 899 (Fla. 5th DCA), review denied, 564 So.2d 1086 (Fla. 1990). Cf. Barber v. State, 564 So.2d 1169 (Fla. 1st DCA 1990).
AFFIRMED.
SMITH, J., concurs.
ZEHMER, J., concurs in result.
NOTES
[1] The record on appeal does not contain a transcript of the discovery deposition of Officer White. However, the deposition is referred to in the following colloquy at side-bar which was precipitated by Officer White's reference to appellant's above referred statement:

[Prosecutor]: We didn't know about it, Your Honor. We asked the question and got an answer to it.
The Court: Well, you took the deposition of this officer at some prior time?
[Defense Counsel]: His deposition was taken. He made no mention of such a statement.
The Court: I take it it wasn't asked of him, was it?
[Defense Counsel]: Nobody knew to ask him because he never related it.
The Court: Deny the motion. I don't think it's a violation of discovery.
[Defense Counsel]: We would ask for a Richardson hearing on that point, Your Honor.
The Court: I deny it.