PER CURIAM.
An Anders[1] brief was filed in Nelson Lee Davis’s behalf following his conviction and sentence for grand theft of an automobile.[2] We remand for clarification on one point concerning the sentence.
Following the state charging Davis with grand theft, the state served Davis personally with a written notice of enhanced penalty pursuant to the habitual offender statute. Following a jury trial, the trial court sentenced Davis to ten years in prison consecutive to two other felony charges. However, the judgment and sentence do not reflect any writing, markings, or initials to indicate that the sentence was imposed pursuant to section 775.084(4)(a), Florida Statutes (Supp.1988), the habitual offender statute. If this is not a habitual offender sentence, the maximum prior sentence for grand theft of an automobile is five years. See § 775.082, Fla.Stat. (1987) and § 812.014(2)(a), Fla.Stat. (Supp.1988).
We remand this case to the trial court to amend the judgment and sentence to clarify whether Davis was sentenced pursuant to the habitual offender statute. If the trial judge did not intend to classify Davis as a habitual offender, then Davis is entitled to resentencing within the appropriate sentencing guidelines. See Arnold v. *335 State, 566 So.2d 37 (Fla. 2d DCA 1990). In either case, Davis need not be present.
Remanded with instructions.
SCHOONOVER, C.J., and PARKER and PATTERSON, JJ., concur.

. Anders v. Calif., 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

. The crime occurred on July 8, 1989.