SMITH, Judge.
Appellant raises four issues in this appeal of judgments of conviction and sentences for possession of cocaine, contrary to section 893.13(l)(f), Florida Statutes, and sale or delivery of cocaine, contrary to section 893.13(l)(a), Florida Statutes. We affirm.
Appellant first argues that the use of an informant by police in making the arrest of appellant violated due process under State v. Glosson, 441 So.2d 1178 (Fla. 1st DCA 1983), approved, 462 So.2d 1082 (Fla.1985), and Hunter v. State, 531 So.2d 239 (Fla. 4th DCA 1988). The informant and the arresting officer, who was also the informant’s contact, each testified that the informant was paid a flat fee of $50.00 for his work. There is no indication in the instant case that the informant was paid a fee contingent upon the amount of contraband obtained by police or that the informant was promised deferential treatment by police. Accordingly, we find this issue to be without merit.
Appellant also argues that the dual convictions for simple possession and sale of the same quantum of cocaine violated the guarantee against double jeopardy. The supreme court has recently settled the issue in State v. McCloud, 577 So.2d 939 (Fla.1991), where it held, in answer to a certified question, that dual convictions for sale and possession (or possession with intent to sell) of the same quantum of contraband does not constitute double jeopardy when the crimes occurred after the effective date of section 775.021, Florida Statutes (Supp.1988).[1] Accordingly, the convictions in the instant case are affirmed.
Appellant next argues that the state did not file notice to have appellant sentenced as an habitual felony offender. The record as supplemented by the state belies that assertion.
Finally, appellant argues that the habitual felony offender statute, section 775.-084(l)(a), Florida Statutes (1988) is unconstitutional on a variety of grounds. All of the arguments raised by appellant have been considered and rejected by courts of this state. See, Arnold v. State, 566 So.2d 37 (Fla.2d DCA 1990); Pittman v. State, 570 So.2d 1045 (Fla. 1st DCA 1990); Akbar *746 v. State, 570 So.2d 1047 (Fla. 1st DCA 1990). See also, Barber v. State, 564 So.2d 1169 (Fla. 1st DCA 1990).
AFFIRMED.
NIMMONS and ZEHMER, JJ., concur.

. The effective date of the amended section 775.-021 was October 1, 1988. The offenses in the instant case occurred in November 1988.