578 So.2d 56 (1991)
Tony Lee WAGNER, Appellant,
v.
STATE of Florida, Appellee.
No. 90-2013.
District Court of Appeal of Florida, First District.
April 22, 1991.
*57 Barbara M. Linthicum, Public Defender, and P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Edward C. Hill, Jr., Asst. Atty. Gen., Tallahassee, for appellee.
ZEHMER, Judge.
Tony Lee Wagner appeals two final judgments. In circuit court case number 86-2192, he was adjudged guilty of three counts of burglary of a dwelling, after the court revoked his probation, and was sentenced to three concurrent fifteen-year terms of imprisonment. In circuit court case number 89-3284, he was adjudged guilty of burglary, possession of burglary tools, and two counts of battery on a law enforcement officer and was sentenced as a habitual felony offender to two consecutive ten-year terms of imprisonment on the first two charges and to two concurrent ten-year terms of imprisonment on the battery charges. Wagner raises three points on this appeal.
Wagner's first point contends that the 1988 and 1989 versions of the habitual felony offender statute, section 775.084, Florida Statutes, are unconstitutional. We reject this argument on the authority of Steiner v. State, 573 So.2d 1014 (Fla. 1st DCA 1991). See also King v. State, 557 So.2d 899, 903 (Fla. 5th DCA 1990), rev. denied, 564 So.2d 1086 (Fla. 1990) ("Habitual offender statutes were constitutional prior to the advent of the amendment which required a finding that the enhanced sentence was necessary for the protection of the public. The fact that this requirement has been deleted effective October 1, 1988, does not render the statute unconstitutional."); Arnold v. State, 566 So.2d 37 (Fla. 2d DCA 1990) (1988 amended habitual offender statute does not violate the equal protection clause and does not deny a defendant due process of law).
Wagner next contends that in case number 89-3284, the trial court erred in sentencing him as a habitual felony offender under section 775.084, Florida Statutes (1989), based on his previous convictions in case number 86-2192, because those convictions were all entered on the same day. We reverse the habitual offender sentence and remand for resentencing on the authority of Barnes v. State, 576 So.2d 758 (Fla. 1st DCA 1991), holding that "habitualization must be supported by sequential convictions in the 1988 version of the statute."
Wagner's final point contends that the written judgment in case number 86-2192 erroneously lists credit for time served as "9 years + 68 days," and that this is contrary to the oral pronouncement at the sentencing hearing of "nine years and a hundred and sixty eight days." The state properly concedes error as to this point, and it can be corrected to the extent necessary on remand for resentencing to conform with the oral pronouncement made at the sentencing hearing.
REVERSED AND REMANDED.
JOANOS, J., and CAWTHON, Senior Judge, concur.