PER CURIAM.
The trial court’s denial of appellant’s motion to discharge and replace his court-appointed counsel is AFFIRMED.
The habitual offender statute, section 775.084, Florida Statutes (1989), is constitutional. Pittman v. State, 570 So.2d 1045 (Fla. 1st DCA 1990); Arnold v. State, 566 So.2d 37 (Fla.2d DCA 1990), rev. den., 576 So.2d 284 (Fla.1991); Johnson v. State, 564 So.2d 1174 (Fla. 4th DCA 1990), rev. den., 576 So.2d 288 (Fla.1991); Roberts v. State, 559 So.2d 289 (Fla. 2d DCA), dism., 564 So.2d 488 (Fla.1990); King v. State, 557 So.2d 899 (Fla. 5th DCA), rev. den., 564 So.2d 1086 (Fla.1990). See also Barber v. State, 564 So.2d 1169 (Fla. 1st DCA), rev. den., 576 So.2d 284 (Fla.1990), construing section 775.084, Florida Statutes (1987).
However, under Barnes v. State, 576 So.2d 758 (Fla. 1st DCA 1991), rev. pending, No. 77,751 (Fla.), the habitual offender classification is REVERSED.
ZEHMER, BARFIELD and WOLF, JJ„ concur.
ON MOTION FOR CERTIFICATION
PER CURIAM.
Appellee’s Motion for Certification is granted and we certify to the Florida Supreme Court the same question certified in Barnes v. State, 576 So.2d 758 (Fla. 1st DCA 1991), review pending, case no. 77,-751 (Fla.).
ZEHMER, BARFIELD and WOLF, JJ., concur.