583 So.2d 1103 (1991)
Isaiah PERKINS, Appellant,
v.
STATE of Florida, Appellee.
No. 90-2169.
District Court of Appeal of Florida, First District.
July 31, 1991.
Rehearing Denied August 30, 1991.
*1104 Nancy Daniels, Public Defender, and Glen P. Gifford, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Edward C. Hill, Jr., Asst. Atty. Gen., Tallahassee, for appellee.
ALLEN, Judge.
The appellant challenges a judgment of conviction and sentence for the offense of burglary. Among other issues, the appellant presents a constitutional challenge to section 775.084, Florida Statutes (1989), under which he was sentenced as a habitual violent felony offender. The appellant's broad challenge to the statute has been rejected in several previous cases, and we adhere to those decisions. See e.g., Pittman v. State, 570 So.2d 1045 (Fla. 1st DCA 1990), rev. denied, 581 So.2d 166 (Fla. 1991); Love v. State, 569 So.2d 807 (Fla. 1st DCA 1990); Barber v. State, 564 So.2d 1169 (Fla. 1st DCA), rev. denied, 576 So.2d 284 (Fla. 1990); see also, Johnson v. State, 564 So.2d 1174 (Fla. 4th DCA 1990), rev. denied, 576 So.2d 288 (Fla. 1991). The appellant also presents the due process, double jeopardy, and ex post facto arguments which this court declined to consider in Henderson v. State, 569 So.2d 925 (Fla. 1st DCA 1990).
The habitual violent felony offender provisions of section 775.084(1)(b) authorize an extended term of imprisonment for a felony which is committed within five years after a prior conviction (or release from confinement) for one or more of several enumerated violent felonies. The appellant was previously convicted of aggravated battery, which is one of the enumerated violent felonies. See § 775.084(1)(b)1.k., Fla. Stat. Although the burglary for which he is now sentenced is not one of the enumerated violent offenses, section 775.084(1)(b) does not require that the current offense be violent. The appellant argues that this application of the statute is not sufficiently related to the apparent purpose of the enactment, thereby offending the requirements of due process. Habitual offender provisions are generally designed to allow an enhanced penalty when new crimes are committed by recidivist offenders. See e.g., Eutsey v. State, 383 So.2d 219 (Fla. 1980). Section 775.084(1)(b) encompasses the general objective of providing additional protection to the public from certain repetitive felony offenders. See Henderson. When the statute is considered as a whole, section 775.084(1)(b) effectuates this objective by providing additional protection from repetitive felony offenders who have previously committed a violent offense. The decision to allow an enhanced sentence after only two felonies, and when only the prior felony is an enumerated violent offense, is a permissible legislative determination which comports with and is rationally related to this statutory purpose, so as to satisfy the requirements of due process.
The appellant argues that section 775.084(1)(b) violates the constitutional protection against double jeopardy by increasing his punishment due to the nature of a prior offense. Although section 775.084(1)(b) does involve consideration of prior criminal history, it has long been established that this is a constitutionally permissible aspect of habitual offender enactments. See e.g., Washington v. Mayo, 91 So.2d 621 (Fla. 1956); Cross v. State, 96 Fla. 768, 119 So. 380 (1928); see also, Reynolds v. Cochran, 138 So.2d 500 (Fla. 1962). These cases generally indicate that the need for an enhanced sentence may be predicated upon a consideration of the offender's prior criminal history in connection with the current offense, but that the enhanced punishment pertains only to the current offense and thus does not offend the protection against double jeopardy. Although Henderson notes that the issue has not been addressed with regard to the habitual violent felony offender provisions of section 775.084(1)(b), the reasoning of these cases is equally applicable to this enactment. Because the appellant's enhanced punishment is an incident of his current *1105 offense, section 775.084(1)(b) does not violate the protection against double jeopardy.
The appellant's ex post facto argument is likewise unavailing. Although section 775.084(1)(b) did not include aggravated battery as an enumerated violent felony until after appellant committed this prior offense, the statute was amended to include aggravated battery before appellant committed the burglary for which he is now sentenced. A similar ex post facto challenge was rejected in Cross, because the enhanced punishment pertains only to the current offense. See also, Reynolds; Washington. Again, the reasoning of these cases is equally applicable to section 775.084(1)(b). Because appellant's enhanced punishment is an incident of his current offense, this application of the statute does not violate the constitutional protection against ex post facto laws.
The appellant's judgment of conviction and sentence for the offense of burglary are affirmed.
ERVIN and SMITH, JJ., concur.