586 So.2d 1269 (1991)
Leshawn TILLMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 90-2859.
District Court of Appeal of Florida, First District.
September 30, 1991.
Rehearing Denied November 1, 1991.
Nancy A. Daniels, Public Defender, and Abel Gomez, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Sara D. Baggett, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Leshawn Tillman has appealed his classification and sentence as an habitual violent felony offender pursuant to section 775.084(1)(b), Florida Statutes. Tillman received this sentence for selling cocaine (a non-violent felony), based on a previous conviction of armed robbery (a violent felony). We affirm, but certify two questions as being of great public importance.
Tillman's argument on appeal is that section 775.084(1)(b) is unconstitutional. He contends that it: 1) denies equal protection in that not all who are eligible for habitual violent felony offender status are so sentenced, 2) offends the requirements of due process by its failure to require that the current offense be violent, and 3) violates the constitutional protection against double jeopardy by increasing punishment due to the nature of a prior offense. This court has ruled adversely to Tillman on each of these issues. See Barber v. State, 564 So.2d 1169 (Fla. 1st DCA), review denied 576 So.2d 284 (Fla. 1990), Ross v. State, 579 So.2d 877 (Fla. 1st DCA 1991), and Perkins v. State, 583 So.2d 1103 (Fla. 1st DCA 1991), respectively. We therefore affirm.
However, pursuant to Rule 9.030(a)(2)(A)(v), Florida Rules of Appellate Procedure, we certify the following questions to be of great public importance:
1. DOES IT VIOLATE A DEFENDANT'S SUBSTANTIVE DUE PROCESS RIGHTS WHEN HE IS CLASSIFIED AS A VIOLENT FELONY OFFENDER PURSUANT TO SECTION 775.084, AND THEREBY SUBJECTED TO AN EXTENDED TERM OF IMPRISONMENT, IF HE HAS BEEN CONVICTED OF AN ENUMERATED VIOLENT FELONY WITHIN THE PREVIOUS FIVE YEARS, EVEN THOUGH HIS PRESENT OFFENSE IS A NON-VIOLENT FELONY?
2. DOES SECTION 775.084(1)(b) VIOLATE THE CONSTITUTIONAL PROTECTION AGAINST DOUBLE JEOPARDY BY INCREASING A DEFENDANT'S PUNISHMENT DUE TO THE NATURE OF A PRIOR OFFENSE?
Affirmed.
JOANOS, C.J., and SMITH and ZEHMER, JJ., concur.