PER CURIAM.
Joe Cecil Bryant appeals his convictions for aggravated assault and carrying a concealed weapon,[1] resulting from a drunken brawl with Mary Pickett, the mother of his ten-year-old son, Horace. We affirm the conviction for carrying a concealed weapon, finding that the error alleged was not properly preserved for appellate review.
We reverse the conviction for aggravated assault against Mary Pickett, and remand for new trial on that charge. The trial court erred in allowing the prosecutor to read to the jury the deposition of Horace Bryant, pursuant to section 90.803(23), Florida Statutes (1989) (the hearsay exception for statements of a child victim of sexual abuse or sexual offense against a child), because this statute does not apply in this case. There were no allegations of sexual abuse, and this court has ruled that the unamended version of section 90.-803(23) does not apply to non-sexual child abuse cases. Childress v. State, 543 So.2d 413 (Fla. 1st DCA 1989). We note that since the trial, section 90.803(23) has been amended to include statements made by victims of child abuse of a non-sexual nature. Ch. 90-174, s. 3, Laws of Florida. However, even under the amended version of the statute, the hearsay exception applies only to statements of the victim describing the act of child abuse, not to the child’s statements describing another crime against an adult victim. Here, the child’s deposition statements regarding appellant’s conduct toward his mother were improperly read to the jury. We cannot say that this was harmless error. State v. DiGuilio, 491 So.2d 1129 (Fla.1986).
The conviction for aggravated assault is REVERSED and REMANDED for new trial. The other convictions are AFFIRMED.
ERVIN, ZEHMER, and BARFIELD, JJ., concur.

. Appellant was charged with aggravated child abuse, aggravated assault, battery, and carrying a concealed weapon. He was convicted of battery as a lesser included offense of aggravated child abuse, and of the other offenses as charged. He does not challenge the battery convictions on appeal.