588 So.2d 1089 (1991)
Michael Lenard HALL, Appellant,
v.
STATE of Florida, Appellee.
No. 91-581.
District Court of Appeal of Florida, First District.
November 15, 1991.
Rehearing Denied December 12, 1991.
Nancy A. Daniels, Public Defender, and Kathleen Stover, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Edward C. Hill, Jr., Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
AFFIRMED. See Perkins v. State, 583 So.2d 1103 (Fla. 1st DCA 1991), petition for review filed, No. 78,613 (Fla. Sept. 16, 1991).
ALLEN, J., concurs.
ZEHMER, J., specially concurs with written opinion.
BARFIELD, J., concurs with opinion and specially concurring opinion.
ZEHMER, Judge (specially concurring).
I concur in affirmance only because this issue has been previously decided by this court in Perkins v. State, 583 So.2d 1103 (Fla. 1st DCA 1991), petition for review filed, No. 78613 (Fla. Sept. 17, 1991). However, I am not persuaded that the application of the new habitual violent felony offender statute, § 775.084(1)(b), Fla. Stat. (1989), to enhance the sentence imposed in this case conforms with constitutional protections as discussed in Perkins.
The issue presented in Perkins and in this case are identical. Although the instant offense for which appellant was sentenced was not a violent felony, appellant was sentenced as a habitual violent felony offender based on the fact that his prior conviction (for which he has presumably already served his sentence) met the statutory definition of violent felony. Had appellant been sentenced as a habitual felony offender pursuant to section 775.084(1)(a) based on the nature of the instant offense rather than as a habitual violent felony offender based on the nature of his prior conviction, the sentence would necessarily have been less under section 775.084(4). I view the imposition of the extent of punishment for the instant criminal offense based on the nature of the prior conviction as effectively imposing a second punishment on defendant solely based on the nature of his prior offense, a practice I had thought was prohibited by the Florida and United States Constitutions. This new statutory procedure is entirely different from the former concept of enhancing sentences of habitual offenders having prior offenses without regard to the nature of the prior felony, which has been upheld in this state and all other jurisdictions.