JOANOS, Chief Judge.
Appellant Johnnie Geter appeals his classification and sentencing as an habitual felon, after his plea of no contest to burglary of a structure. Appellant contends that the trial court erred in upholding the constitutionality of the habitual offender statute, in the face of specific evidence that the statute is being arbitrarily applied. We disagree, and affirm.
Prior to entry of the plea in this case, the state filed a motion to have appellant declared an habitual felony offender. Appellant then filed a motion seeking to have the state prohibited from prosecuting him as an habitual felon, and a declaration that section 775.084, Florida Statutes, is unconstitutional. At the hearing on appellant’s motion, defense counsel introduced a county-by-county breakdown of .persons sentenced in 1990 as habitual offenders. The information was obtained from the Florida Department of Corrections, and was com *237 piled by a senior analyst with the Office of the State Courts Administrator. Next, defense counsel introduced two pages of computer printouts listing, county-by-county, the defendants that had two prior felony convictions. In explaining the data, counsel asserted that an offender’s chances of being sentenced as an habitual offender were seven times greater in Duval County than in Dade County. Counsel admitted there were some limitations as to the value of the statistics presented, but insisted they were important to show the wide variance in habitual felon sentencing on a county-by-county basis. Counsel further noted that the data presented demonstrated that many more persons are eligible for sentencing as habitual offenders than are actually sentenced as such.
The trial court agreed that the data presented appeared to show a wide variance among the counties of this state in the application of habitual offender sentencing. However, the trial court questioned the reliability of the data presented by the defense, and further noted there had been no showing of an abuse of the prosecutorial and judicial discretion built into the statute. Based on the absence of reliable evidence, and in view of numerous appellate decisions upholding the constitutionality of the habitual offender statute, the trial court found there had been no showing that the statute is unconstitutional. Thereafter, the trial court sentenced appellant to a ten-year term as an habitual felony offender.
The equal protection, due process, and void for vagueness challenges advanced by appellant in this case have been analyzed in depth, and rejected numerous times by this court. For example, in Barber v. State, 564 So.2d 1169 (Fla. 1st DCA), review denied, 576 So.2d 284 (Fla.1990), the court found that equal protection principles were not offended merely because the statute permitted selective application of habitual offender status to some of the criminals who are eligible. Similarly, the Barber panel rejected claims that section 775.084 violates due process, based on allegations that the procedure set forth is unreasonable, arbitrary, and capricious, and claims that the statute is void for vagueness. See also Hernandez v. State, 592 So.2d 764 (Fla. 1st DCA 1992); Perkins v. State, 583 So.2d 1103, 1104 (Fla. 1st DCA) jurisdiction accepted, 590 So.2d 421 (Fla.1991); Wagner v. State, 578 So.2d 56, 57 (Fla. 1st DCA 1991); Pittman v. State, 570 So.2d 1045 (Fla. 1st DCA 1990), review denied, 581 So.2d 166 (Fla.1991); Henderson v. State, 569 So.2d 925 (Fla. 1st DCA 1990).
Appellant in this case attempts to distinguish his claims from prior adverse rulings on the same subject, asserting that the statistical evidence introduced at the hearing demonstrates that the statute is being applied arbitrarily. This statistical evidence has not been included in the appellate record, and so cannot be considered in our determination of the case. Even if the evidence were available for review, the hearing transcript suggests that the data compiled by the Office of the State Court Administrator is too unreliable to support a conclusion of any sort. Appellant attempted to show that habitual felony offender sentencing is not applied uniformly on a county-by-county basis among criminals who qualify. The senior analyst who compiled the data testified that it is based on scoresheets filed by each county, and that the percentage of scoresheets filed varies widely between counties. Moreover, the sentencing guidelines do not apply to habitual offender sentencing. See § 775.-084(4)(e), Fla.Stat. (1989). Consequently, a scoresheet is not always prepared and filed when an habitual felony offender sentence is imposed. Because it is clear that the statistics assembled by the senior analyst were based on incomplete data, the projections based upon that data are too insubstantial to support the conclusions urged by appellant, i.e., that the statute is being applied in an arbitrary and capricious manner.
Accordingly, we find appellant has failed to show error in the trial court’s refusal to declare the habitual felony offender statute unconstitutional as applied, and affirm the judgment and sentence in all respects.
ALLEN and WEBSTER, JJ., concur.