OPINION ON REMAND
PER CURIAM.
On appeal to this court, Carter argued that he should not have been sentenced as an habitual felony offender, because the predicate convictions had been entered at the same time. We reversed and certified the issue to the Supreme Court. Carter v. State, 588 So.2d 8 (Fla. 1st DCA 1991). In State v. Carter, 595 So.2d 955 (Fla.1992), the Supreme Court quashed our decision, and remanded to this court for further proceedings consistent with State v. Barnes, 595 So.2d 22 (Fla.1992).
Along with his argument based on the absence of sequential convictions, Carter also argued for reversal based on a lack of notice of the state’s intent to seek habitual felony offender sentencing; the unconstitutionality of section 775.084, Florida Statutes (1989), as amended by Chapter 89-280, Laws of Florida, as violative of the single-subject rule; and the unconstitutionality of that section as “inequitable, irrational and vague.” These latter issues were not addressed in our previous opinion, but do not require reversal.
First, it is undisputed that Carter received notice of the state’s intent to seek habitual violent felony offender sentencing. At the sentencing proceeding, the state announced an intention to seek habitual felony offender sentencing only, and introduced the predicate convictions; sentencing was thereafter postponed for a week. Based on Carter’s knowledge, well in advance of the sentencing proceeding, of the state’s intent to seek enhanced sentencing, and the postponement of sentencing for a *302 week after the state announced its alternative intention and presented the predicate convictions, we find that Carter had ample opportunity to contest those convictions, but did not do so. This argument is therefore without merit.
With regard to Carter’s “single subject” argument, this court has held that we will not consider the issue when an appellant would have been habitualized under the pre-amendment statute. King v. State, 585 So.2d 1199 (Fla. 1st DCA 1991). None of the amendments to section 775.084, Florida Statutes (1989) effected by Chapter 89-280, Laws of Florida, affect Carter’s habit-ualization in this case. Therefore, under King, we decline to address this issue. As to Carter’s remaining constitutional arguments, they have been rejected on numerous occasions. See, e.g., Wagner v. State, 578 So.2d 56 (Fla. 1st DCA 1991).
We therefore affirm on all issues raised.
JOANOS, C.J., and SMITH and ZEHMER, JJ., concur.