PER CURIAM.
Appealing his conviction and sentence as a habitual violent felony offender, Kenneth Maeweather raises three points.
Appellant’s first point, based on error in allowing the witness Ramirez to testify, is affirmed without discussion.
*734 Appellant’s second point urges that the circuit court’s use of the same prior felony conviction to convict him of possession of a firearm by a convicted felon and to sentence him to an extended term as a habitual violent felony offender violates the constitutional prohibitions against double jeopardy. We reject this argument on the authority of Gayman v. State, 584 So.2d 632 (Fla. 1st DCA 1991). As in that case, we certify the following question of great public importance:
Whether the double jeopardy clauses of the United States and Florida constitutions were violated by the trial court’s use of the same prior conviction as the basis for the charge of possession of a firearm by a convicted felon and for classification of the appellant as a habitual violent felony offender.
Appellant’s third point contends that the Florida habitual violent felony offender statute, section 775.084, Florida Statutes (1989), is unconstitutional on the grounds that: (1) it is inequitable, irrational, vague and subject to arbitrary and capricious application; (2) it violates the constitutional prohibitions against double jeopardy and ex post facto laws; and (3) it fails the due process test of “a reasonable and substantial relationship to the objects sought to be obtained” because it does not punish for repetition of violent crimes, but for only one violent crime. Each of these arguments has been decided adversely to appellant's contention. Tillman v. State, 586 So.2d 1269 (Fla. 1st DCA 1991) (the habitual violent felony offender statute does not violate equal protection rights, due process rights, or double jeopardy provisions); Perkins v. State, 583 So.2d 1103 (Fla. 1st DCA), jurisdiction accepted, 590 So.2d 421 (Fla.1991) (the 1989 habitual violent felony offender statute does not violate constitutional rights concerning due process, double jeopardy, and ex post facto laws); Ross v. State, 579 So.2d 877 (Fla. 1st DCA), jurisdiction accepted, 589 So.2d 292 (Fla.1991) (rejecting the arguments that the 1988 habitual violent felony offender statute violates substantive due process rights by classifying an individual as a habitual violent felon where the present offense is a nonviolent offense, and that this statute does not serve a legitimate state interest by utilizing a means reasonably related to achieve the intended purpose); Pittman v. State, 570 So.2d 1045 (Fla. 1st DCA 1990), rev. denied, 581 So.2d 166 (Fla.1991) (section 775.084, Florida Statutes (Supp.1988), does not violate equal protection, and is not inequitable, irrational, vague and subject to arbitrary and capricious application). See also Henderson v. State, 569 So.2d 925 (Fla. 1st DCA 1990). As in Tillman, we certify the following questions of great public importance:
1. Does it violate a defendant’s substantive due process rights when he is classified as a violent felony offender pursuant to section 775.084 and thereby subjected to an extended term of imprisonment, if he has been convicted of an enumerated violent felony within the previous five years, even though his present offense is a nonviolent felony?
2. Does section 775.084(l)(b) violate the constitutional protection against double jeopardy by increasing a defendant’s punishment due to the nature of the pri- or offense?
AFFIRMED.
SMITH, ZEHMER and WEBSTER, JJ., concur.