604 So.2d 915 (1992)
Derek V. BRAZIL, Appellant,
v.
STATE of Florida, Appellee.
No. 91-1796.
District Court of Appeal of Florida, First District.
September 4, 1992.
Nancy A. Daniels, Public Defender, and Carol Ann Turner, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Charlie McCoy, Asst. Atty. Gen., Tallahassee, for appellee.
JOANOS, Chief Judge.
Appellant, Derek V. Brazil, seeks review of the habitual felony offender sentences imposed upon his convictions for second degree murder and robbery. The issues presented concern the alleged unconstitutionality of section 775.084, Florida Statutes (1989), the habitual felony offender statute. Specifically, appellant contends that section 775.084 (1) violates the equal protection clause, because it creates irrational classifications; (2) violates due process, because the means selected to achieve its purposes are unreasonable, arbitrary, and capricious; (3) eliminates due process, because the means selected to achieve its purposes are inarticulable and not subject to review; and (4) violates the principle of separation of powers by granting judicial authority to fix punishments to prosecutors, without providing a means of review. We affirm.
As appellant recognizes, the constitutional arguments raised in this appeal have been considered and addressed in depth numerous times by this court, and have *916 been rejected by this court and by other district courts. See, e.g., Hodges v. State, 596 So.2d 481 (Fla. 1st DCA 1992); Merriweather v. State, 593 So.2d 1218 (Fla. 1st DCA 1992); Anderson v. State, 592 So.2d 1119 (Fla. 1st DCA 1991); Perkins v. State, 583 So.2d 1103 (Fla. 1st DCA), review granted, 590 So.2d 421 (Fla. 1991); Pittman v. State, 570 So.2d 1045 (Fla. 1st DCA 1990), review denied, 581 So.2d 166 (Fla. 1991); Barber v. State, 564 So.2d 1169 (Fla. 1st DCA), review denied, 576 So.2d 284 (Fla. 1990); Broderick v. State, 564 So.2d 622 (Fla. 4th DCA 1990); King v. State, 557 So.2d 899 (Fla. 5th DCA), review denied, 564 So.2d 1086 (Fla. 1990).
We affirm the habitual offender sentences imposed in this case, but in concert with this court's determination in Hodges, we certify the following question to the Florida Supreme Court, as a question of great public importance:
DOES SECTION 775.084, FLORIDA STATUTES (1989), DENY EITHER DUE PROCESS OR EQUAL PROTECTION OF LAW UNDER EITHER THE FLORIDA OR THE UNITED STATES CONSTITUTION; OR VIOLATE THE DOCTRINE OF SEPARATION OF POWERS, AS SET FORTH IN THE FLORIDA CONSTITUTION?
Accordingly, the appealed sentences are affirmed.
SMITH and ZEHMER, JJ., concur.