ON MOTION FOR REHEARING AND/OR CLARIFICATION ON PETITION FOR WRIT OF MANDAMUS
JOANOS, Chief Judge.
The state has filed a motion seeking rehearing or clarification of the opinion filed in this cause on October 12, 1992. Appellant has filed a petition for writ of mandamus, asking us to enforce the mandate which appellant assumes was issued October 12, 1992.[1] We deny the petition for writ of mandamus. We grant the state’s motion for rehearing, withdraw our opinion of October 12, 1992, and substitute the following.
Appellant, Kenneth Murphy, appeals his sentences as an habitual felony offender. First, appellant challenges the constitutionality of the habitual felony offender statute, section 775.084, Florida Statutes (1989), asserting that it deprives those sentenced pursuant to its provisions of due process of law, it violates the separation of powers principle by depriving judges of sentencing prerogative, and it establishes a capricious system of selective punishment which has no standards of application, and is non-appealable and unreviewable. Second, appellant maintains the trial judge erred in failing to make the findings necessary to support an enhanced sentence. We affirm as to both issues.
Appellant was charged with sale or delivery of cocaine, contrary to the provisions of section 893.13(l)(a)l., Florida Statutes. The state filed a timely notice of intent to seek habitual felony offender sentencing, if appellant were convicted of the charged offense. Subsequently, appellant was found guilty by a jury of sale or delivery of cocaine to an undercover officer. Appellant’s motions for judgment of acquittal and for new trial were denied.
The record reflects that appellant had seven prior felony convictions, the two most recent for possession of cocaine on October 25, 1989, and for burglary of a dwelling on May 17, 1991. The cocaine sale for which appellant was being sentenced occurred approximately three months after his 1991 conviction for bur *1102 glary of a dwelling, and during the period that appellant was on community control for that offense. Certified copies of appellant’s prior convictions were received in evidence, without objection by appellant or his counsel. Moreover, appellant did not suggest that either of his two most recent prior felony convictions had been pardoned or set aside in any post-conviction proceeding, although afforded an opportunity to be heard on the issue. In short, appellant conceded the existence of his prior felony convictions which formed the predicate for his habitual offender sentence.
After hearing arguments of counsel on the habitual offender question, the trial court observed that appellant’s past criminal record was well documented. Despite the urging of appellant’s counsel, the court stated it could find nothing in the presen-tence investigation report to support leniency. In accordance with this observation, the court pronounced:
... on the jury’s finding of guilt as to this charge, he is first adjudicated to be guilty. I am satisfied, based upon the evidence that was received this morning in the form of prior judgments and sentences, that he meets the criteria for classification as an habitual offender. He is, therefore, adjudged to be an habitual offender. As such, it’s the sentence of this Court he be committed to the custody of the Florida Department of Corrections for a term of 20 years. He is allowed one hundred and 55 days credit.
With regard to the first issue, appellant has presented the same, or substantially similar, due process, equal protection, and separation of powers challenges to the habitual felony offender statute that have been rejected numerous times. See, e.g., Brazil v. State, 604 So.2d 915 (Fla. 1st DCA 1992); Hodges v. State, 596 So.2d 481 (Fla. 1st DCA 1992); Perkins v. State, 583 So.2d 1103 (Fla. 1st DCA 1991), approved, 616 So.2d 9 (Fla.1993); Wilson v. State, 574 So.2d 1170, 1171 (Fla. 1st DCA), review denied, 583 So.2d 1038 (Fla.1991); Barber v. State, 564 So.2d 1169 (Fla. 1st DCA), review denied, 576 So.2d 284 (Fla.1990); Roberts v. State, 559 So.2d 289 (Fla. 2d DCA 1990); King v. State, 557 So.2d 899 (Fla. 5th DCA), review denied, 564 So.2d 1086 (Fla.1990). Indeed, appellant recognizes that his attack upon the constitutionality of section 775.084, Florida Statutes (1989), previously has been decided adversely to his contentions.
The second issue concerns the trial court’s failure to make the statutory findings in support of the court’s determination that appellant qualifies for sentencing as an habitual felony offender. See § 775.-084(l)(a)l-4, Fla.Stat. (1989). After the state filed its motion for rehearing or clarification, the Florida Supreme Court issued its opinion in State v. Rucker, 613 So.2d 460 (Fla.1993), in response to a question certified by this court as a question of great public importance. The facts articulated by the court in Rucker parallel the fact scenario in the instant case. In Ruck-er, the trial court found that Rucker met the definition of habitual felony offender, on the basis of documented and unrebutted prior convictions which occurred within the requisite time period. The supreme court concluded that, in such circumstances, a sentencing court may infer that there has been no pardon or set aside of the predicate convictions, and the failure to make more specific findings was harmless. 613 So.2d at 461. We conclude the same is true of this case, where there has been no suggestion that appellant does not qualify for classification as an habitual felony offender, and no contention that his predicate convictions have been pardoned or set aside.
Accordingly, appellant’s sentence as an habitual felony offender is affirmed.
KAHN and WEBSTER, JJ., concur.

. Appellant’s petition for writ of mandamus to compel compliance with the mandate of October 12, 1992, reveals a misunderstanding of the function and the time for issuance of a mandate. The decision issued in this case on October 12, 1992, is not final, because a mandate has not issued. A mandate marks the date when an appellate decision ordinarily becomes final. If no exception to the appellate decision is filed by either party, the mandate will issue fifteen days after the date of the appellate decision. Fla. R.App.P. 9.340(a). However, if, as in this case, a timely motion for rehearing, clarification, or certification is filed, the mandate will not be issued until after the motion has been decided. If the motion is denied, the mandate will issue fifteen days after the date of the order denying the motion. Fla.R.App.P. 9.340(b). If the motion for rehearing is granted, the mandate will issue fifteen days after "the cause has been fully determined.” Fla.R.App.P. 9.340(b). See also P. Padovano, Florida Appellate Practice, § 14.8.