623 So.2d 527 (1993)
Gregory LONDON, Appellant,
v.
STATE of Florida, Appellee.
No. 92-2048.
District Court of Appeal of Florida, First District.
June 24, 1993.
Opinion Denying Certification and Rehearing August 16, 1993.
Nancy A. Daniels, Public Defender; Carl S. McGinnes, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., Gypsy Bailey, Asst. Atty. Gen., for appellee.
PER CURIAM.
Affirmed.
SMITH, KAHN and WEBSTER, JJ., concur.

ON MOTION FOR REHEARING AND MOTION FOR CERTIFICATION
KAHN, Judge.
Appellant, in his motions for rehearing and certification, requests that this court certify as a question of great public importance the following question certified in Seabrook v. State, 608 So.2d 560 (Fla. 1st DCA 1992), and Porter v. State, 609 So.2d 640 (Fla. 1st DCA 1992):
DOES SECTION 775.084, FLORIDA STATUTES (1989), DENY EITHER DUE PROCESS OR EQUAL PROTECTION OF LAW UNDER EITHER THE FLORIDA OR THE UNITED STATES CONSTITUTION; OR VIOLATE THE DOCTRINE OF SEPARATION OF POWERS AS SET FORTH IN THE FLORIDA CONSTITUTION?
Appellant states that the Florida Supreme Court has set oral argument on the constitutionality of the habitual felony offender statute.
We decline to certify the question as one of great public importance. Appellant has presented the same or substantially similar, due process, equal protection and separation of powers challenges to the habitual offender statute which have been rejected numerous times. Merriweather v. State, 609 So.2d 1299 (Fla. 1992) (due process); Tillman v. State, 609 So.2d 1295 (Fla. 1992) (due process); Ross v. State, 601 So.2d 1190 (Fla. 1992) (due process); Turcotte v. State, 617 So.2d 1164 (Fla. 5th DCA 1993) (separation of powers); Murphy v. State, 616 So.2d 1100 (Fla. 1st DCA 1993) (due process, equal protection and separation of powers); Brazil v. State, 604 So.2d 915 (Fla. 1st DCA 1992) (due process, equal protection, separation of powers; certified question); Hodges v. State, 596 So.2d 481 *528 (Fla. 1st DCA 1992) (due process, equal protection, separation of powers; certified question), quashed on other grounds, 616 So.2d 994 (Fla. 1993) (court declined to address certified question on constitutionality of habitual offender statute); Perkins v. State, 583 So.2d 1103 (Fla. 1st DCA 1991), approved, 616 So.2d 9 (Fla. 1993) (due process and other grounds); Wilson v. State, 574 So.2d 1170, 1171 (Fla. 1st DCA) (due process, equal protection and separation of powers), rev. denied, 583 So.2d 1038 (Fla. 1991); Smith v. State, 567 So.2d 55 (Fla. 2d DCA 1990) (due process, equal protection), rev. denied, 576 So.2d 291 (Fla. 1991); Arnold v. State, 566 So.2d 37 (Fla. 2d DCA 1990) (due process, equal protection), rev. denied, 576 So.2d 284 (Fla. 1991); Barber v. State, 564 So.2d 1169 (Fla. 1st DCA) (due process, equal protection), rev. denied, 576 So.2d 284 (Fla. 1990); Roberts v. State, 559 So.2d 289 (Fla. 2d DCA 1990) (due process, equal protection and separation of powers), cause dismissed, 564 So.2d 488 (Fla. 1990); King v. State, 557 So.2d 899 (Fla. 5th DCA) (due process, equal protection), rev. denied, 564 So.2d 1086 (1990).
The issue of separation of powers has also been resolved in Grimes v. State, 616 So.2d 996 (Fla. 1st DCA 1992), and Johnson v. State, 612 So.2d 689 (Fla. 1st DCA 1993), wherein this court held that the trial court was not required to classify or sentence a defendant with a criminal record as a habitual offender. Article II, Section 3, Florida Constitution, provides:
Branches of Government.  The powers of the state government shall be divided into legislative, executive and judicial branches. No person belonging to one branch shall exercise any powers appertaining to either of the other branches unless expressly provided herein.
Because the trial court retains discretion in classifying and sentencing a defendant as a habitual offender, the separation of powers doctrine is not violated. Although the state attorney may suggest a defendant be classified as a habitual offender, only the judiciary decides whether or not to classify and sentence the defendant as a habitual offender. But see, Turcotte v. State, 617 So.2d 1164 (Fla. 5th DCA 1993) (separation of powers not violated by fact that state attorney or court may initiate the procedure for habitual offender classification); Toliver v. State, 605 So.2d 477 (Fla. 5th DCA 1992) (state or court could "suggest" habitual offender classification; determination of habitual offender status is a ministerial determination in which the trial judge has no discretion; habitual offender statute gives the trial judge the power and discretion both to impose or refrain from imposing a habitual offender sentence), rev. denied, 618 So.2d 212 (Fla. 1993); King v. State,[*] 597 So.2d 309 (Fla. 2d DCA 1992) (same), rev. denied, 602 So.2d 942 (Fla. 1992). Accordingly, we deny appellant's motion for certification and for rehearing.
SMITH and WEBSTER, JJ., concur.
NOTES
[*] This court in Grimes and Johnson declined to follow King.