KAHN, Judge.
Hams appeals the denial of his motion to suppress. We affirm, finding that the arresting officer had probable cause to detain Harris, and that the cocaine discovered by *552 the officer was the product of a valid search incident to arrest.
On June 24, 1990, Tallahassee Police Officer Coleman, while on routine patrol of an area he characterized as “frequented by drug transactors,” observed Harris in various locations within the particular neighborhood over a period of about an hour. Harris stood in an area not normal for pedestrian traffic, walked in the opposite direction each time the patrol car approached, and generally acted nervous. At this time, however, Officer Coleman did not approach Harris.
Later that night, Coleman returned to the scene, where he noticed a person partially concealed in the woods. As this person was pushing his bike out of the wooded area, Officer Coleman recognized him as the man he observed earlier that night. Coleman spoke briefly to the man, later identified as Harris, and eventually asked if Harris would mind producing the contents of his pockets. Harris said he did not mind, and proceeded to pull out his front pants pockets. When asked if he would mind emptying his back pockets, Harris produced a package of cigarettes from his left rear pocket and pulled out a one inch by one inch plastic bag from the other pocket. Upon removing the bag, Harris held it in the palm of his hand, as if to conceal it from Officer Coleman’s view. Coleman noticed that coincident with removing and attempting to conceal the bag, Harris became very uncomfortable and looked as if he were going to run. Coleman momentarily changed the subject to a discussion of the bicycle that Harris was pushing, and having done so, handcuffed Harris and placed him under arrest. The plastic bag contained cocaine.
At the suppression hearing, the defense waived any objection to the encounter between Harris and Officer Coleman “up until the time that the handcuffs were applied.” Thus, the issue is whether Officer Coleman had probable cause to arrest Harris.
Probable cause to arrest is determined upon the totality of the circumstances with which the officer finds himself confronted, in light of the officer’s knowledge and experience. See P.L.R. v. State, 455 So.2d 363 (Fla.1984), cert. denied, 469 U.S. 1220, 105 S.Ct. 1206, 84 L.Ed.2d 349 (1985); Cross v. State, 560 So.2d 228 (Fla.1990). The evidence adduced at the suppression hearing demonstrates that Coleman observed Harris over a considerable period of time in an area frequented by drug dealers. Specifically, Coleman saw Harris standing stationary as if he were waiting for something or someone to come along. Upon returning to the area, Coleman saw Harris in the woods, and then observed the plastic bag produced by Harris. Officer Coleman testified:
I could see him palming a ziploc bag'that was about an inch by an inch. He pulled it out and he held his hand out away from my view, trying to conceal it from my view. I did see the baggie. The baggie, in my experience and training, is commonly used for carrying narcotics. The way that he was concealing it in his hand is very common for those involved in this kind of activity to try to conceal it from an officer’s view".
Based upon these circumstances, we find that Officer Coleman had every reason to believe that the bag contained contraband. The suspect, having consented to emptying his pockets, attempted to conceal only the small bag. He readily pulled out his front pockets, and produced a package of cigarettes from one of the back pockets. Coleman had personally observed the suspect standing alone, in the middle of the night, over a long period of time, in an area known for drug transactions. An officer may properly take into account such circumstances as these in determining the existence of probable cause to believe that “an innocuous item” contains contraband. State v. Casey, 528 So.2d 1264, 1265 (Fla. 1st DCA 1988); see also Bryant v. State, 577 So.2d 1372, 1375 (Fla. 1st DCA 1991) (“In formulating his belief that a package contains contraband, the officer is entitled to use his knowledge gained from training, education and experience in investigating drug offenses and identifying packages which commonly contain unlawful sub *553 stances, particularly in an area of the city known for its high incidence of drug trafficking”).
It would make no sense at all to require an officer confronted with the array of circumstances facing Coleman to simply wish the detainee a good evening and stroll away. We see nothing unreasonable in Officer Coleman’s determination that the small plastic bag probably contained contraband. Such conclusion was based upon substantially more than mere suspicion, and reflected an appropriate, and indeed correct, evaluation of the circumstances.
AFFIRMED.
ALLEN and WEBSTER, JJ., concur.