593 So.2d 1218 (1992)
Arrices MERRIWEATHER, Appellant,
v.
STATE of Florida, Appellee.
No. 91-813.
District Court of Appeal of Florida, First District.
February 25, 1992.
Nancy A. Daniels, Public Defender, David P. Gauldin, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Charles T. Faircloth, Jr., Asst. Atty. Gen., Tallahassee, for appellee.
SHIVERS, Judge.
Arrices Merriweather appeals his conviction and sentence as a habitual violent felony offender. We affirm.
Merriweather first argues the trial court abused its discretion by failing to remove a venireman for cause, thereby forcing defense counsel to exhaust his peremptory challenges. His position is not preserved because defense counsel did not expressly request additional peremptories, and he has not shown that a juror unacceptable to him served on the jury. Floyd v. State, 569 So.2d 1225, 1230 (Fla. 1990). Merriweather's remaining challenges to the jury selection are without merit.
Merriweather next argues this court wrongly ruled the 1989 version of the habitual violent felony offender statute is constitutional in Perkins v. State, 583 So.2d 1103 (Fla. 1st DCA 1991). We follow Perkins and affirm on this issue.
However, the Florida Supreme Court accepted jurisdiction over Perkins on December 4, 1991. Perkins v. State, 590 So.2d 421 (Fla. 1991). Therefore, we certify the following question to be of great public importance:
WHETHER THE HABITUAL VIOLENT FELONY OFFENDER PROVISIONS OF SUBSECTION 775.084(1)(b), FLORIDA STATUTES (1989), VIOLATES *1219 CONSTITUTIONAL RIGHTS CONCERNING DUE PROCESS, DOUBLE JEOPARDY, OR EX POST FACTO LAWS.
AFFIRMED.
WIGGINTON and BARFIELD, JJ., concur.