601 So.2d 1190 (1992)
Bobby ROSS, Petitioner,
v.
STATE of Florida, Respondent.
No. 78179.
Supreme Court of Florida.
June 18, 1992.
Rehearing Denied July 28, 1992.
*1191 Nancy A. Daniels, Public Defender and Lynn A. Williams, Asst. Atty. Gen., Tallahassee, for petitioner.
Robert A. Butterworth, Atty. Gen., James W. Rogers, Bureau Chief, Asst. Atty. Gen. and Charlie McCoy, Asst. Atty. Gen., Tallahassee, for respondent.
PER CURIAM.
We have for review Ross v. State, 579 So.2d 877 (Fla. 1st DCA 1991), which expressly declared a statute valid. We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
Bobby Ross was a prisoner taking part in a work-release program at Dinsmore Community Correctional Center in Duval County. In the morning he was taken to work in a prison vehicle and would be picked up again in the evening. Under prison regulations, he was required to report back again in the evening.
On August 17, 1989, Ross checked out in the morning as usual. He was taken to work and worked a complete day. A prison officer later testified that Ross did not return to the prison that evening as required, and Ross was listed as "escaped."
Ross testified that at 6:30 the night of August 17 he had called for the prison van to pick him up. Normally, the van would have arrived by 7 p.m. After an hour elapsed, Ross said he telephoned the prison again and was told to stand by. When the prison van still had not arrived at 9 p.m., Ross said he telephoned again but the line was busy. At this point, Ross said he took the bus to a relative's house and tried without success to get a ride to the prison. Several days later, he was apprehended by police, at which time he gave them a false name.
At trial in the Career Criminal Division of the court, the prosecutor brought with her copies of Ross's rap sheets. She did not have copies of judgments and sentences on at least some of the arrests listed on the rap sheets. Ross said he could not remember all the convictions on his record, but did admit to at least six felony convictions.
Over a defense objection, the prosecutor used some of the information from the rap sheets to impeach Ross on the stand. Over a defense objection, the prosecutor also used the rap sheets to refresh Ross's memory *1192 but without providing the defense copies of the judgments and sentences.
The defense raised a Richardson[1] objection on the question of Ross's prior convictions and moved for mistrial based on the method used for impeachment. The court found that no Richardson hearing was needed and denied the motions. A State rebuttal witness then verified that Ross had eleven prior felony judgments and sentences.
The jury found Ross guilty. At the sentencing hearing, the State introduced evidence that Ross had prior convictions for two counts of aggravated assault. The prosecutor asked the court to take judicial notice of nine other convictions, totaling eleven felonies.
The prosecutor also submitted authenticated documents of Tennessee convictions for attempt to commit a felony and grand larceny; and Georgia convictions for driving with a suspended license, driving under the influence, robbery, and two counts of theft by taking. The out-of-state documents had been mailed to the prosecutor after the trial had concluded but before sentencing.
The trial court found Ross to be a violent habitual felony offender and sentenced him to thirty years. The First District affirmed. Ross, 579 So.2d at 878.
In this review, Ross argues that the violent habitual felony offender statute is unconstitutional as applied to him. As grounds, Ross notes that the statute as it existed at the pertinent times called for an enhanced penalty if an offender had committed an aggravated assault within the last five years, but not if an offender had committed an aggravated battery.[2] Thus, Ross argues that the statute makes irrational distinctions and is unlawfully vague, in violation of the constitutional doctrines of equal protection and due process. Ross also notes that the legislature subsequently amended the statute to include aggravated battery as an enumerated offense. See § 775.084(1)(b), Fla. Stat. (1989).
In gauging a statute's rationality, the question is whether there is any conceivable, plausible reason why it reads as it does. To this end, we are not concerned with speculation about omissions the legislature may have made but only with what the statute says on its face. The fact remains that aggravated assault as defined under Florida law is in fact a violent offense. It consists of any assault with a deadly weapon or with an intent to commit a felony. § 784.021(1), Fla. Stat. (1987). We find it not merely plausible, but entirely understandable, that the legislature included aggravated assault in the list of felonies considered to be especially violent, thereby warranting enhanced punishment for future recidivism. This conclusion alone renders the statute rational as applied to Ross. The fact that other violent crimes reasonably might have been included *1193 in the statute, but were not, does not undermine this conclusion.
In a variation of this same argument, Ross contends that due process also is offended because his present offense  escape  is not a violent felony. Thus, Ross urges that it is irrational to classify him as a habitual violent felony offender in this case. We disagree. The entire focus of the statute is not on the present offense, but on the criminal offender's prior record. Provided the offender is charged with an offense punishable by more than a year in prison, that offender remains subject to habitualization if the other terms of the statute are met; and this is true even if the present offense is not itself violent. § 775.084(1)(b), Fla. Stat. (Supp. 1988). There is nothing irrational about this process. The State is entirely justified in enhancing an offender's present penalty for a nonviolent crime based on an extensive or violent criminal history.
We also disagree that the statute fails for vagueness. Indeed, this statute is highly specific in the requirements that must be met before habitualization can occur.
The remaining issues lie beyond the scope of the issue for which jurisdiction lies, and we see no need to exercise our prerogative to reach them. However, we do note for future guidance of the courts below that the prosecutor's use of the rap sheets to impeach Ross clearly was improper. Rap sheets contain information that may be unverified or incomplete; and they certainly are not a permissible basis either for an impeachment or to refresh a witness's memory. However, because our review of the entire record convinces us that the outcome below would not have been different in the absence of this prosecutorial misconduct, we conclude that any resulting error is harmless beyond a reasonable doubt. The opinion under review is approved.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, BARKETT, GRIMES, KOGAN and HARDING, JJ., concur.
NOTES
[1] See Richardson v. State, 246 So.2d 771 (Fla. 1971).
[2] The pertinent portion of the statute provided:

"Habitual violent felony offender" means a defendant for whom the court may impose an extended term of imprisonment, as provided in this section, if it finds that:
1. The defendant has previously been convicted of a felony or an attempt or conspiracy to commit a felony and one or more of such convictions was for:
a. Arson,
b. Sexual battery,
c. Robbery,
d. Kidnapping,
e. Aggravated child abuse,
f. Aggravated assault,
g. Murder,
h. Manslaughter,
i. Unlawful throwing, placing, or discharging of a destructive device or bomb, or
j. Armed burglary;
2. The felony for which the defendant is to be sentenced was committed within 5 years of the date of the conviction of the last prior enumerated felony or within 5 years of the defendant's release, on parole or otherwise, from a prison sentence or other commitment imposed as a result of a prior conviction for an enumerated felony, whichever is later;
3. The defendant has not received a pardon on the ground of innocence for any crime that is necessary for the operation of this section; and
4. A conviction of a crime necessary to the operation of this section has not been set aside in any post-conviction proceeding.
§ 775.084(1)(b), Fla. Stat. (Supp. 1988).