609 So.2d 1295 (1992)
Leshawn TILLMAN, Petitioner,
v.
STATE of Florida, Respondent.
No. 78715.
Supreme Court of Florida.
November 19, 1992.
Rehearing Denied January 5, 1993.
*1296 Nancy A. Daniels, Public Defender, and Glen P. Gifford, Asst. Public Defender, Tallahassee, for petitioner.
Robert A. Butterworth, Atty. Gen.; Sara D. Baggett, Asst. Atty. Gen., and Jim W. Rogers, Bureau Chief, Crim. Appeal, Asst. Atty. Gen., Tallahassee, for respondent.
OVERTON, Justice.
We have for review Tillman v. State, 586 So.2d 1269 (Fla. 1st DCA 1991), in which the district court affirmed Tillman's sentencing as a habitual violent felony offender pursuant to section 775.084(1)(b), Florida Statutes (1989). In affirming Tillman's sentence, the district court certified the following questions as being of great public importance:
I. DOES IT VIOLATE A DEFENDANT'S SUBSTANTIVE DUE PROCESS RIGHTS WHEN HE IS CLASSIFIED AS A VIOLENT FELONY OFFENDER PURSUANT TO SECTION 775.084, AND THEREBY SUBJECTED TO AN EXTENDED TERM OF IMPRISONMENT, IF HE HAS BEEN CONVICTED OF AN ENUMERATED VIOLENT FELONY WITHIN THE PREVIOUS FIVE YEARS, EVEN THOUGH HIS PRESENT OFFENSE IS A NON-VIOLENT FELONY?
II. DOES SECTION 775.084(1)(b) VIOLATE THE CONSTITUTIONAL PROTECTION AGAINST DOUBLE JEOPARDY BY INCREASING A DEFENDANT'S PUNISHMENT DUE TO THE NATURE OF A PRIOR OFFENSE?
Tillman, 586 So.2d at 1269.[1] For the reasons expressed, we answer the questions in the negative and approve the decision of the district court.
The statute at issue, section 775.084, Florida Statutes (1989), provides for extended prison terms for habitual felony offenders and habitual violent felony offenders. The pertinent part of the statute reads as follows:
(1) As used in this act:
(a) "Habitual felony offender" means a defendant for whom the court may impose an extended term of imprisonment, as provided in this section, if it finds that:
1. The defendant has previously been convicted of any combination of two or more felonies in this state or other qualified offenses;
... .
(b) "Habitual violent felony offender" means a defendant for whom the court may impose an extended term of imprisonment, *1297 as provided in this section, if it finds that:
1. The defendant has previously been convicted of a felony or an attempt or conspiracy to commit a felony and one or more of such convictions was for:
a. Arson,
b. Sexual battery,
c. Robbery,
d. Kidnapping,
e. Aggravated child abuse,
f. Aggravated assault,
g. Murder,
h. Manslaughter,
i. Unlawful throwing, placing, or discharging of a destructive device or bomb,
j. Armed burglary, or
k. Aggravated battery;
2. The felony for which the defendant is to be sentenced was committed within 5 years of the date of the conviction of the last prior enumerated felony or within 5 years of the defendant's release, on parole or otherwise, from a prison sentence or other commitment imposed as a result of a prior conviction for an enumerated felony, whichever is later[.]
§ 775.084(1)(a)-(b), Fla. Stat. (1989).
The critical issue in this case is whether a defendant may be sentenced as a habitual violent felony offender when the defendant has previously committed a violent felony and the offense triggering the habitual violent felony offender statute is a nonviolent felony. In 1989, Tillman was convicted of armed robbery. In this case, the State charged Tillman with the sale of cocaine and the use of a minor in the sale of cocaine, each of which is a nonviolent felony. The State filed notice of intent to classify Tillman as a habitual violent felony offender. A jury found Tillman guilty as charged. At the sentencing hearing, the State introduced evidence of Tillman's 1989 armed robbery conviction. The court pronounced Tillman a habitual violent felony offender, adjudicated him guilty, and sentenced him to concurrent terms of twenty-five years in prison, with mandatory terms of ten and fifteen years. The First District Court of Appeal affirmed the convictions and sentences.
Tillman's first argument is that the statute suffers from an internal inconsistency. Tillman asserts that the term "habitual violent felony offender" denotes a person who repeatedly commits violent felonies. Under this meaning of the term, Tillman asserts that the subsequent crime must have been a violent felony. Tillman argues that because, under the district court's construction, a defendant may be classified a habitual violent felony offender after only a single violent felony conviction, the statute is rendered ambiguous. We find that the statute is not ambiguous and is rationally related to the purpose of enhancing sentences for recidivist criminals. See Ross v. State, 601 So.2d 1190 (Fla. 1992); Eutsey v. State, 383 So.2d 219 (Fla. 1980). In enacting the habitual offender statute, the legislature clearly defined a habitual violent felony offender as a person who has "previously been convicted of a felony or an attempt or conspiracy to commit a felony and one or more of such convictions was for" one of eleven enumerated violent felonies found in subsection (1)(b)1. § 775.084(1)(b), Fla. Stat. (1989) (emphasis added). Furthermore, in section 775.084(4)(b) the legislature expressly states that a court may sentence a habitual offender to extended periods of incarceration for a subsequent conviction of a first-, second-, or third-degree felony. Had the legislature intended that the subsequent conviction be a violent felony in order for a defendant to be sentenced as a habitual offender, it would have said so. We note that under the nonviolent "habitual felony offender" provisions a defendant may receive an enhanced sentence if the defendant has "been convicted of any combination of two or more felonies in this state." § 775.084(1)(a), Fla. Stat. (1989). By imposing mandatory minimum sentences under the habitual violent felony offender provisions in section 775.084(4)(b), the legislature clearly intended to provide longer sentences for criminals who commit felonies and have previously been convicted of a violent felony.
In a related argument, Tillman argues that his sentencing under the district *1298 court's construction of the statute violates due process because the felony for which he was being sentenced was not a violent felony. We recently held in Ross v. State, 601 So.2d 1190 (Fla. 1992), that section 775.084(1)(b) does not violate due process. In Ross, we stated:
The entire focus of the statute is not on the present offense, but on the criminal offender's prior record. Provided the offender is charged with an offense punishable by more than a year in prison, that offender remains subject to habitualization if the other terms of the statute are met; and this is true even if the present offense is not itself violent. There is nothing irrational about this process. The State is entirely justified in enhancing an offender's present penalty for a nonviolent crime based on an extensive or violent criminal history.
601 So.2d at 1193 (citation omitted). We reject Tillman's argument, reaffirm our holding in Ross, and answer the first certified question in the negative.
In regard to the second certified question, Tillman argues that the district court's construction of the statute violates the constitutional protection against double jeopardy because the statute sentences him based upon his prior violent felony, not the present nonviolent felony. We again disagree. In Eutsey v. State, 383 So.2d 219, 223 (Fla. 1980), we expressly stated:
The purpose of the habitual offender act is to allow enhanced penalties for those defendants who meet objective guidelines indicating recidivism. The enhanced punishment, however, is only an incident to the last offense. The act does not create a new substantive offense. It merely prescribes a longer sentence for the subsequent offenses which triggers the operation of the act.
See also Ross; Reynolds v. Cochran, 138 So.2d 500 (Fla. 1962); Washington v. Mayo, 91 So.2d 621 (Fla. 1956); Cross v. State, 96 Fla. 768, 119 So. 380 (1928); Perkins v. State, 583 So.2d 1103 (Fla. 1st DCA 1991); Henderson v. State, 569 So.2d 925 (Fla. 1st DCA 1990). As explained by the district court in Henderson, the sentence imposed for a subsequent offense is enhanced on the theory that the defendant's prior conviction of a violent felony indicates the "incorrigible and dangerous character of the accused and establish[es] the necessity for enhanced restraint. In this sense, therefore, the enhanced punishment is incident to the last offense alone, but for which it would not be imposed." 569 So.2d at 927.
For the reasons stated above, we answer the both certified questions in the negative and approve the opinion of the district court.
It is so ordered.
McDONALD, SHAW, GRIMES and HARDING, JJ., concur.
KOGAN, J., dissents with an opinion, in which BARKETT, C.J., concurs.
KOGAN, Justice, dissenting.
Tillman's record reflects only a single violent crime. It thus defies logic to classify Tillman as a habitual violent felony offender, because a single act does not establish a "habitual" pattern. The opinion in Ross v. State, 601 So.2d 1190 (Fla. 1992), is distinguishable because such a long-standing pattern of violent crime clearly had been established there. I find that the statute violates substantive due process as applied to Tillman because its application in this context leads to an absurdity, i.e., that a single act equates to a "habit." Art. I, § 9, Fla. Const.
BARKETT, C.J., concurs.
NOTES
[1] We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.