609 So.2d 1299 (1992)
Arrices MERRIWEATHER, Petitioner,
v.
STATE of Florida, Respondent.
No. 79572.
Supreme Court of Florida.
November 25, 1992.
Nancy A. Daniels, Public Defender, and David P. Gauldin, Asst. Public Defender, Tallahassee, for petitioner.
Robert A. Butterworth, Atty. Gen., and Charles T. Faircloth, Jr., Asst. Atty. Gen., Tallahassee, for respondent.
OVERTON, Justice.
We have for review Merriweather v. State, 593 So.2d 1218 (Fla. 1st DCA 1992), in which the district court affirmed Merriweather's sentencing as a habitual violent felony offender and certified the following question as being of great public importance:
WHETHER THE HABITUAL VIOLENT FELONY OFFENDER PROVISIONS OF SUBSECTION 775.084(1)(b), FLORIDA STATUTES (1989), VIOLATES CONSTITUTIONAL RIGHTS CONCERNING DUE PROCESS, DOUBLE JEOPARDY, OR EX POST FACTO LAWS.
Id. at 1218-19.[1]
We answer the question in the negative and approve the decision of the district court, in accordance with our decisions in Tillman v. State, 609 So.2d 1295 (Fla. 1992); Ross v. State, 601 So.2d 1190 (Fla. 1992); Reynolds v. Cochran, 138 So.2d 500 (Fla. 1962); Washington v. Mayo, 91 So.2d 621 (Fla. 1956); and Cross v. State, 96 Fla. 768, 119 So. 380 (1928).
It is so ordered.
*1300 McDONALD, SHAW, GRIMES and HARDING, JJ., concur.
KOGAN, J., dissents with an opinion, in which BARKETT, C.J., concurs.
KOGAN, Justice, dissenting.
I dissent on the basis of my dissenting opinion in Tillman v. State, 609 So.2d 1295 (Fla. 1992). The petitioner has only been convicted of one violent crime and therefore cannot be a habitual violent felony offender.
BARKETT, C.J., concurs.
NOTES
[1] We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.