612 So.2d 560 (1992)
James REEVES, III, Petitioner,
v.
STATE of Florida, Respondent.
No. 79386.
Supreme Court of Florida.
December 3, 1992.
Rehearing Denied February 16, 1993.
Nancy A. Daniels, Public Defender and Steven A. Been, Asst. Public Defender, Tallahassee, for petitioner.
Robert A. Butterworth, Atty. Gen. and James W. Rogers, Bureau Chief, Criminal Appeals, and Carolyn J. Mosley, Asst. Attys. Gen., Tallahassee, for respondent.
OVERTON, Justice.
We have for review Reeves v. State, 593 So.2d 232 (Fla. 1st DCA 1991), in which the district court affirmed Reeves' sentence as a habitual violent felony offender and certified the following questions as being of great public importance:
1. Does section 775.084, Florida Statutes (1989), authorize habitual felon sentencing for a criminal defendant who has previously been convicted of a violent offense enumerated in the statute, but who is currently being sentenced for a non-violent offense?
2. If section 775.084, Florida Statutes (1989), authorizes habitual felon sentencing for a criminal defendant who is currently being sentenced for a non-violent offense, does the statute violate the constitutional principles of equal protection, due process, double jeopardy, or ex post facto?
Id. at 232.[1] We answer the first question in the affirmative, the second question in the negative, and approve the decision of the district court.
In Tillman v. State, 609 So.2d 1295 (Fla. 1992), we recently held that section 775.084(1)(b), Florida Statutes (1989), does not violate the constitutional protections against double jeopardy. In Ross v. State, 601 So.2d 1190 (Fla. 1992), we held that section 775.084(1)(b) does not violate equal protection or due process. This court has also rejected ex post facto challenges to the habitual offender statute in Reynolds v. Cochran, 138 So.2d 500 (Fla. 1962); Washington v. Mayo, 91 So.2d 621 (Fla. 1956); and Cross v. State, 96 Fla. 768, 119 So. 380 (1928).
It is so ordered.
*561 McDONALD, SHAW, GRIMES and HARDING, JJ., concur.
KOGAN, J., dissents with an opinion, in which BARKETT, C.J., concurs.
KOGAN, Justice, dissenting.
I dissent on the basis of my dissenting opinion in Tillman v. State, 609 So.2d 1295 (Fla. 1992). The petitioner has only been convicted of one violent crime and therefore cannot be a habitual violent felony offender.
BARKETT, C.J., concurs.
NOTES
[1] We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.