OPINION ON REMAND
PER CURIAM.
On March 24, 1992, this court issued an opinion in appellant’s direct appeal from his sentence as an habitual violent felony offender, following his conviction of unarmed robbery. In that opinion, we certified to the supreme court the following two questions, which we believed to be of great public importance: (1) “Does section 775.-084, Florida Statutes (1989), deny either due process or equal protection of law under either the Florida or the United States Constitution; or violate the doctrine of separation of powers, as set forth in the Florida Constitution?”; and (2) “Does the holding in Eutsey v. State, 383 So.2d 219 (Fla. *498 1980), that the state has no burden of proof as to whether the convictions necessary for habitual felony offender sentencings have been pardoned or set aside, in that they are ‘affirmative defenses available to [a defendant],’ Eutsey at 226, relieve the trial court of its statutory obligation to make findings regarding those factors, if the defendant does not affirmatively raise, as a defense, that the qualifying convictions provided by the state have been pardoned or set aside?” The supreme court declined to answer the first question; noted that it had since answered the second question in State v. Rucker, 613 So.2d 460 (Fla.1993); quashed our previous opinion; and remanded for proceedings consistent with Rucker. State v. Hodges, 616 So.2d 994 (Fla.1993). Accordingly, we vacate our previous opinion and substitute the following.
Appellant seeks review of his sentence as an habitual violent felony offender, following his conviction of unarmed robbery. He presents two arguments: (1) that section 776.084, Florida Statutes (1989) (the habitual offender statute) is unconstitutional; and (2) that the trial court failed to make all of the findings requisite to imposition of an habitual violent felony offender sentence. We affirm.
Appellant’s arguments regarding the un-eonstitutionality of section 775.084 have been considered and rejected in the following decisions, among a great many others: Tillman v. State, 609 So.2d 1295 (Fla.1992); Merriweather v. State, 593 So.2d 1218 (Fla. 1st DCA), affd, 609 So.2d 1299 (Fla.1992); Pittman v. State, 570 So.2d 1045 (Fla. 1st DCA 1990), review denied, 581 So.2d 166 (Fla.1991); Barber v. State, 564 So.2d 1169 (Fla. 1st DCA), review denied, 576 So.2d 284 (Fla.1990).
Appellant also argues that the trial court failed to make certain findings required by the habitual offender statute, thereby entitling him to a reversal. We disagree.
At the sentencing hearing, the state offered a certified copy of a 1988 judgment convicting appellant of two counts of unarmed robbery. Appellant stipulated that he was the person named in that judgment. In sentencing appellant as an habitual violent felony offender, the trial court failed to make findings as to whether that judgment had been set aside in a post-conviction proceeding, or appellant had been pardoned. However, in State v. Rucker, the supreme court held that the failure to make such findings is subject to a harmless error analysis.
Here, as in Rucker, the state offered a certified copy of a qualifying prior conviction; appellant conceded that he was the person named in the prior judgment; appellant did not assert in the trial court that the judgment had been set aside in a post-conviction proceeding, or that he had been pardoned; and appellant does not now assert that the predicate judgment has been set aside in a post-conviction proceeding, or that he has been pardoned. Accordingly, as in Rucker, we find that the failure of the trial court to make all of the findings required by the habitual offender statute was harmless error.
AFFIRMED.
ZEHMER, MINER and WEBSTER, JJ., concur.