629 So.2d 129 (1993)
Marblee SEABROOK, Petitioner,
v.
STATE of Florida, Respondent.
No. 80953.
Supreme Court of Florida.
December 16, 1993.
*130 Nancy A. Daniels, Public Defender, and Carl S. McGinnes, Asst. Public Defender, Second Judicial Circuit, Tallahassee, for petitioner.
Robert A. Butterworth, Atty. Gen., and James W. Rogers, Sr. Asst. Atty. Gen., Tallahassee, for respondent.
PER CURIAM.
We have for review Seabrook v. State, 608 So.2d 560 (Fla. 1st DCA 1992), in which the district court affirmed Seabrook's sentencing as a habitual felony offender pursuant to section 775.084, Florida Statutes (1989). The district court of appeal certified the following question as being of great public importance:
DOES SECTION 775.084, FLORIDA STATUTES (1989), DENY EITHER DUE PROCESS OR EQUAL PROTECTION OF LAW UNDER EITHER THE FLORIDA OR THE UNITED STATES CONSTITUTION; OR VIOLATE THE DOCTRINE OF SEPARATION OF POWERS, AS SET FORTH IN THE FLORIDA CONSTITUTION?
Seabrook, 608 So.2d at 560. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
This Court has previously held that section 775.084 does not violate due process or equal protection. Reeves v. State, 612 So.2d 560 (Fla. 1992); Ross v. State, 601 So.2d 1190 (Fla. 1992). In our opinion in McKnight v. State, 616 So.2d 31 (Fla. 1993), we adopted the rationale of King v. State, 597 So.2d 309 (Fla.2d DCA), review denied, 602 So.2d 942 (Fla. 1992), and held that a trial judge has the discretion not to sentence a defendant as a habitual felony offender. Therefore, petitioner's contention that the statute violated the doctrine of separation of powers because it deprived trial judges of such discretion necessarily fails.
For the reasons stated above, we answer the certified question in the negative, and approve the decision below.
It is so ordered.
BARKETT, C.J., and OVERTON, McDONALD, SHAW, GRIMES, KOGAN and HARDING, JJ., concur.