PER CURIAM.
We have for review Jones v. State, 747 So.2d 982 (Fla. 3d DCA 1999), in which the Third District Court of Appeal affirmed Lloyd M. Jones’ violent career criminal sentence based on its prior decision in Higgs v. State, 695 So.2d 872 (Fla. 3d DCA 1997). In so affirming, the Jones court certified conflict with the Second District Court of Appeal’s decision in Thompson v. State, 708 So.2d 315 (Fla. 2d DCA 1998). We have jurisdiction. See Art. V, § 3(b)(4), Fla. Const. Based on our decision in State v. Thompson, 750 So.2d 643 (Fla.1999), we quash that portion of the *682 decision below that affirmed petitioner’s violent career criminal sentence and remand for resentencing in accordance with the valid laws in effect on April 15, 1996, the date on which Jones committed the underlying offense in this case.[1] See Thompson, 750 So.2d at 649 (remanding for resentencing in accordance with the valid laws in effect at the time the defendant committed her offenses).
It is so ordered.
HARDING, C.J., and SHAW, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.
WELLS, J., dissents.

. We note that Jones has standing to raise a single subject rule challenge to chapter 95-182, Laws of Florida, in light of our decision in Salters v. State, 758 So.2d 667 (Fla.2000). Further, we decline to address Jones’ ineffective assistance of trial counsel claim here, as the Third District fully addressed that claim in the decision below and the claim clearly is outside the scope of the certified conflict before us. See, e.g., Ross v. State, 601 So.2d 1190, 1193 (Fla.1992).