822 So.2d 576 (2002)
John GRAHAM, Appellant,
v.
STATE of Florida, Appellee.
No. 1D01-1968.
District Court of Appeal of Florida, First District.
August 2, 2002.
*577 Nancy A. Daniels, Public Defender; Carl S. McGinnes, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Anne C. Toolan, Assistant Attorney General, Tallahassee, for Appellee.
LEWIS, J.
John Graham, appellant, challenges his conviction for sale or delivery of cocaine and possession of cocaine. He raises three issues on appeal: (1) that the trial court erred in denying his motion to suppress; (2) that the habitual felony offender statute violates Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); and (3) that the habitual felony offender statute offends due process. We affirm.
On October 29, 1999, Officer Simpson directed Officers Mossman and Ulsch of the Jacksonville Sheriff's Office to obtain the identity of a man who had allegedly sold cocaine to an undercover officer. The officers approached appellant as he fit the description given by Officer Simpson. As the officers approached him, appellant quickly reached into his pocket. Officer Mossman directed appellant not to put his hands in his pocket, but appellant did not obey. As he was in close proximity to appellant and feared for his safety, Officer Mossman grabbed appellant's hand and pulled it from the pocket. Officer Mossman noticed that appellant was holding a vial in his hand. Officer Mossman opened the vial and found cocaine inside.
Appellant was subsequently charged with sale or delivery of cocaine and possession of cocaine. Prior to trial, appellant filed a motion to suppress the contents of the seized vial. He claimed that the evidence was illegally seized without a warrant and that Officer Mossman lacked reasonable suspicion of criminal activity. At the hearing on the motion to suppress, Officer Mossman testified that he opened the vial because, based on his experience, the vial resembled a container that usually contained cocaine. The trial court denied the motion.
On March 15, 2001, a jury found appellant guilty of sale or delivery of cocaine and possession of cocaine. Prior to sentencing, appellant filed a Motion to Preclude Imposition of Habitual Offender Sentence. He contended that the habitual offender statute was unconstitutional as it authorized the trial court, rather than the jury, to determine whether the facts authorized habitual offender sentencing, contrary to the Supreme Court's decision in Apprendi, 530 U.S. at 466, 120 S.Ct. 2348. The trial court denied this motion. The trial court sentenced appellant to 25 years in prison as a habitual felony offender for Count I and 1 year of incarceration for Count IV, to run concurrent with Count I.
Appellant filed a notice of appeal. Thereafter, appellant filed a Florida Rule of Criminal Procedure 3.800(b)(2) motion. He claimed that the habitual offender statute improperly shifted the burden to the defendant to convince the trial court that an enhanced sentence is not necessary for the protection of the public. Thus, he *578 argued that the habitual offender statute offends the due process clause of the federal constitution and Florida's constitution. The trial court denied this motion. This appeal follows.
Appellant first argues that the trial court erred in denying his motion to suppress because Officer Mossman did not have probable cause to open the vial that he seized from appellant. A trial court's ruling on a motion to suppress carries a presumption of correctness. See Bonifay v. State, 626 So.2d 1310, 1312 (Fla.1993); Jenkins v. State, 685 So.2d 918, 920 (Fla. 1st DCA 1996). However, the trial court's findings of fact must be supported by competent, substantial evidence. See State v. Kindle, 782 So.2d 971, 973 (Fla. 5th DCA 2001); Ikner v. State, 756 So.2d 1116, 1118 (Fla. 1st DCA 2000). This Court gives de novo review to the trial court's application of the law to those facts. See Kindle, 782 So.2d at 973; Ikner, 756 So.2d at 1118.
An officer must have probable cause that a container contains contraband in order to conduct a search of the container. See Harris v. State, 790 So.2d 1246 (Fla. 5th DCA 2001) (stating that officer must have probable cause to believe that item found during pat-down contains contraband before conducting more thorough search to retrieve it); Bryant v. State, 577 So.2d 1372, 1374 (Fla. 1st DCA 1991) (stating that seizure of contraband is lawful only if officer had probable cause to believe item seized contained evidence of a crime). Determining probable cause depends on the totality of the circumstances. See Harris v. State, 590 So.2d 551, 552 (Fla. 1st DCA 1991). The officer's training and experience are relevant to the determination of whether the officer had probable cause to seize the container. See Doctor v. State, 596 So.2d 442 (Fla.1992).
The initial police-citizen contact with appellant was based on information that appellant had committed the offense of sale of cocaine. Officer Mossman testified that he was instructed not to arrest appellant for that offense. However, appellant's own actions raised the level of contact when he quickly reached into his pocket upon the officer's approach. Officer Mossman grabbed appellant's hand as he feared appellant could be reaching for a weapon. The officer then noticed the vial that appellant was holding. Officer Mossman testified that, in his experience, the vial in appellant's hand "resembled a container that contains contraband, such as crack cocaine." Because the vial was of a type recognized by Officer Mossman as commonly packaging contraband, he had probable cause to conduct a search of the vial. See Cross v. State, 560 So.2d 228 (Fla.1990) (stating that officers had probable cause to believe round-shaped, taped object carried contraband based on experience in seeing similarly packaged cocaine on prior occasions); cf. Johnson v. State, 565 So.2d 413, 414 (Fla. 3d DCA 1990) (holding that officer lacked probable cause to search where although he had found contraband hidden in matchboxes on prior occasions, he did not expressly opine that such containers were commonly used for carrying drugs). Given the close proximity of the officer to appellant, appellant's furtive movement, the resemblance of the vial to containers known to contain cocaine, and the information that appellant had committed a felony, the trial court did not err in denying appellant's motion to suppress.
Appellant next argues that the habitual felony offender statute is unconstitutional because it authorizes the trial court, rather than the jury, to determine whether a defendant should be sentenced as a habitual offender in violation of the Supreme Court's holding in Apprendi. This argument is without merit. In Jones v. State, 791 So.2d 580 (Fla. 1st DCA 2001), this Court joined the Third, Fourth and Fifth District Courts of Appeal in rejecting this *579 Apprendi challenge to the constitutionality of the habitual offender statute. See Saldo v. State, 789 So.2d 1150 (Fla. 3d DCA 2001) (stating that a careful reading of Apprendi refutes claim that proof of prior criminal convictions must be submitted to the jury); Gordon v. State, 787 So.2d 892 (Fla. 4th DCA 2001) (rejecting claim that defendant is entitled to have a jury determine, beyond a reasonable doubt, the existence of predicates necessary for imposing a habitual offender sentence); Wright v. State, 780 So.2d 216 (Fla. 5th DCA 2001) (holding that the findings required under the habitual offender statute fall with Apprendi's "recidivism" exception).
Finally, appellant argues that the habitual offender statute violates his due process rights. The Florida Supreme Court has previously held that the habitual offender statute does not violate a defendant's due process rights. See Seabrook v. State, 629 So.2d 129 (Fla.1993); McKnight v. State, 616 So.2d 31 (Fla.1993). The statute merely provides the trial court with the discretion to impose or not to impose a habitual offender sentence. See Seabrook, 629 So.2d at 130. In addition, this Court recently held that the habitual felony offender statute does not unconstitutionally shift the burden of proof to the defendant and, therefore, does not violate due process. See Foster v. State, 27 Fla. L. Weekly D1119 (Fla. 1st DCA May 13, 2002). Therefore, the trial court did not err in denying appellant's motion to correct illegal sentence.
Accordingly, we affirm appellant's conviction and sentence for sale or delivery of cocaine and possession of cocaine.
AFFIRMED.
BOOTH and WOLF, JJ., concur.