BROWNING, J.
Appellant Santa Rosa Island Authority (Authority) appeals a final judgment requiring it to reinstitute negotiations for a contract with Pensacola Beach Pier, Inc. (Appellee), after Authority rescinded its selection of Appellee as the firm of first preference pursuant to a request for proposal (RFP) for the construction, maintenance, and operation of a concession building. Authority argues for reversal because it rescinded its negotiations with Appellee when faced with threatened litigation it deemed non-frivolous, readver-tised for proposals, and then designated Appellant Sunset Holding Company, Inc. (Sunset), as the firm of first preference. We agree with Appellants and reverse and remand.
The facts of this case are undisputed. Thus, we review the trial court’s final judgment application of the law to the facts de novo. Graham v. State, 822 So.2d 576 (Fla. 1st DCA 2002); Rittman v. Allstate Ins. Co., 727 So.2d 391 (Fla. 1st DCA 1999).
The decision of a public agency such as Authority is not subject to judicial interference, provided the decision’s correctness is debatable by reasonable persons, even though the decision reached may appear to some persons to be erroneous. Sys. Dev. Corp. v. Dep’t of Health & Rehab. Servs., 423 So.2d 433, 434 (Fla. 1st DCA 1982), quoting Volume Servs. Div. v. Canteen Corp., 369 So.2d 391, 395 (Fla. 2d DCA 1979); S. Fla. Limousines, Inc. v. Broward County Aviation Dep’t, 512 So.2d 1059, 1062 (Fla. 4th DCA 1987) (“As long as the decision was made in good faith, the courts will not generally interfere where the agency reaches a conclusion on facts upon which reasonable men may differ.”). The remedy in such cases is at the ballot box and not in the courts. Liberty County v. Baxter’s Asphalt & Concrete, 421 So.2d *263 505 (Fla.1982) (stating judicial interference is warranted when the process is tainted by “illegality, fraud, oppression, or misconduct”); Town of Riviera Beach v. State, 53 So.2d 828, 831 (Fla.1951). None of these bases exist here.
The trial court specifically found that “the record is entirely devoid of any evidence which would suggest oppression or misconduct.” Furthermore, the parties do not contend otherwise. Appellee rests its case on breach of an implied covenant of fair dealing, and the trial court agreed by ordering Authority to reinstate negotiations with Appellee to the exclusion of Sunset. Such principle does not support the trial court’s judgment. Absent evidence of illegality, fraud, oppression, or misconduct, Appellee is without a remedy for Authority’s readvertising for proposals and rearranging the preference order of the parties. See Liberty County, 421 So.2d at 507. Any change in such principle must come from the legislature, or the particular agency by rule adoption.
REVERSED and REMANDED.
BARFIELD and KAHN, JJ., concur.