ON MOTION FOB REHEARING

Warner, J.
We deny the motion for rehearing but republish the opinion to correct a clerical error.
We affirm the final summary judgment in favor of defendants/appellees Waste Management Inc. of Florida and GL Staffing Services, Inc., in a suit for personal injuries. The trial court found *451 that Waste Management had immunity from appellant’s claims under Florida’s Worker’s Compensation Act because it was acting as appellant’s “special employer.” We conclude that final summary judgment was properly entered because the record conclusively shows that Waste Management was immune from liability pursuant to section 440.11(2), Florida Statutes (2010), as appellant was an employee of Waste Collections, a help supply services company, as defined in Standard Industry Code Industry Number 7363 of the U.S. Department of Labor Standard Classifications.[1] Although appellant argues on appeal that he should be considered as employed by a facilities support management service, defined in a separate standard, he did not make this argument to the trial court. Therefore, it is not preserved. See Pensacola Beach Pier, Inc. v. King, 66 So.3d 321 (Fla. 1st DCA 2011).
As to GL Staffing Services, appellant had filed suit against it for intentional conduct and negligent hiring, among other claims, based upon the conduct of worker Juarez, who was operating the conveyor belt at the time appellant was injured and whom appellant claimed was employed by GL. If GL did not employ Juarez, then it had no liability to appellant. On summary judgment, the evidence presented, including wage receipts and other documents, showed that Juarez was employed by Waste Collections, thus making him a co-employee of appellant. There was no evidence presented that GL employed Juarez and was thus in any way liable. The trial court did not abuse its discretion in refusing to consider Juarez’s partially completed deposition, during which, appellant claimed, Juarez had testified he was a GL employee, not a Waste Collection employee. The deposition was cut short because of Juarez’s transportation problems, and the parties were unable to locate him to complete the deposition. The deposition was taken prior to GL becoming a party to the suit, and no party with the same interest as GL was present. To use a deposition on the authority of Florida Rule of Civil Procedure 1.330(a), the party against whom it is offered must have been “present or represented at the taking of the deposition or who had reasonable notice of it[.]” Moreover, as we read the excluded deposition, Juarez did not say that he was employed by GL, but merely that GL sent him to the job site. The conclusive evidence of wage receipts and other documents show that Juarez was employed by Waste Collection, the help services contractor, and not GL. Therefore, the trial court did not err in granting summary judgment.

Affirmed.

Gerber and Kuntz, JJ., concur.

. Standard Industry Code Industry Number 7363 is incorporated through section 440.11(2), Florida Statutes, which provides:
The immunity from liability described in subsection (1) shall extend to an employer and to each employee of the employer which utilizes the services of the employees of a help supply services company, as set forth in Standard Industry Code Industry Number 7363, when such employees, whether management or staff, are acting in furtherance of the employer's business. An employee so engaged by the employer shall be considered a borrowed employee of the employer, and, for the purposes of this section, shall be treated as any other employee of the employer.
§ 440.11(2), Fla. Stat.