# Third District Court of Appeal

## State of Florida

Opinion filed April 17, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1969
Lower Tribunal No. 22-23790 CC
_____

**Jordan Reyes,**
Appellant,

vs.

**GEICO General Insurance Company, etc.,**
Appellee.

An Appeal from the County Court for Miami-Dade County, Maria D. Ortiz, Judge.

Jordan Reyes, in proper person.

No appearance, for appellee.

Before EMAS, MILLER and LOBREE, JJ.

PER CURIAM.

Affirmed. See Ft. Trade Fin., Corp. v. Roadway, Inc., 337 So. 3d 428, 428 (Fla. 3d DCA 2022) ("See Umana v. Citizens Prop. Ins. Corp., 282 So.

3d 933, 934 (Fla. 3d DCA 2019) ('[W]hile it is true that the absence of a transcript is not necessarily fatal to review of a trial court's decision at a summary judgment hearing, it is not the nature of the hearing, but rather than the nature of the alleged error, which dictates the adequacy of the record on appeal[.]')."); Kingdom of Sweden v. Foad, 337 So. 3d 838, 838 (Fla. 3d DCA 2022) ("[Where] Appellants never made [an] argument below, either in response to Appellees' summary judgment motions and supporting legal memoranda, or in a motion for rehearing . . . . [I]t [is] not preserved." (citing and quoting Pensacola Beach Pier, Inc. v. King, 66 So. 3d 321, 326 (Fla. 1st DCA 2011))); (stating that absent transcript, appellate court cannot conclude that trial court's judgment was unsupported by evidence or so misconceived controlling principle of law as to require reversal (citing Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150, 1152 (Fla. 1979))).